IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 99-033-4-JJF |
| | : | Civil Action No. 03-148-JJF |
| PARRIS L. WALL, JR., | : | |
| Defendant. | : | |

Colm F. Connolly, Esquire, United States Attorney, Richard G. Andrews, Esquire, First Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Plaintiff.

Parris L. Wall, Jr., Pro Se Defendant.

**MEMORANDUM OPINION**

March 7, 2005

Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is an Application To Proceed In Forma Pauperis (D.I. 258) filed by Defendant, Parris L. Wall, Jr. and two letter motions requesting an extension of time to file an appeal (D.I. 253, 255).[1] The Government has responded to the request for extension of time contained within D.I. 255, with a Response To Motion To Extend Time To File Notice Of Appeal (D.I. 262) and a Supplement To Response To Motion To Extend Time To File Notice Of Appeal. (D.I. 265). For the reasons discussed, the Court will grant Defendant's Application To Proceed In Forma Pauperis, and grant his motion for extension of time to file an appeal. To ensure that Defendant has adequate time to file his notice of appeal, the Court provides Defendant with notice that the Court will enter an Order in accordance with this Memorandum Opinion on March 18, 2005, and Defendant shall file his notice of appeal no later than April 1, 2005, which is ten (10) days after the entry of the Court's Order.

## BACKGROUND

On February 9, 2004, the Court denied Defendant's Motion To Vacate, Set Aside Or Correct Sentence By A Person In Federal

---

[1] Defendant's motions were docketed outside of Chambers and placed in the file without being forwarded to the Court's Case Manager. As a result, Chambers was not notified of these filings and only became aware of them recently when an issue arose with respect to one of Defendant's co-defendants necessitating a review of the file.

Custody ("Section 2255 Motion") concluding that the Section 2255 Motion was untimely, but granting Defendant a certificate of appealability. By a letter dated April 18, 2004, sent to the Court of Appeals for the Third Circuit, Defendant states that the February 9, 2004 Order was postmarked March 25, 2004 and received by him on April 7, 2004. (D.I. 251). The Third Circuit transmitted the letter to this Court construing it as a notice of appeal and noting that it appears untimely. (D.I. 252). A copy of the Third Circuit's letter was also forwarded to Defendant.

Thereafter, Defendant filed an undated letter motion (D.I. 253) reiterating the circumstances surrounding Defendant's untimely receipt of the Court's February 9, 2004 Order, but unlike D.I. 251, expressly stating: "In the event my time is short or has expired, I would like this letter to be construed as a **Motion** for additional time to submit my petition of **C.O.A.**" (D.I. 253 at 2) (emphasis in original). D.I. 253 was docketed as a Notice of Appeal with the designation "re same as [251-1] appeal Time: 5/3/04." D.I. 253 was also postmarked April 30, 2004.

Defendant then filed a second letter motion (D.I. 255) requesting an extension of time to file a notice of appeal, in the event that his time to file a notice of appeal had expired. This letter motion is dated April 10, 2004, but it was postmarked May 11, 2004 and filed in the District Court on May 13, 2004.

2

The letter also refers to a letter filed in the District Court by Defendant on April 29, 2004 stating in a postscript: "In the event that my previous letter/motion dated April 29, 2004 has been considered, please disregard this subsequent motion/letter."

The Government then requested an opportunity to respond to Defendant's letter motion because of the possible question regarding the accuracy of the date of D.I. 255. The Government then responded to the letter motion stating that Defendant's notice of appeal (D.I. 251) could be construed as a motion for an extension of time, and therefore, the Government would not oppose the granting of such a motion. (D.I. 262). In this Response, the Government also noted that D.I. 255, standing alone, would not support the granting of a motion for extension of time, because it was not timely filed and Defendant did not comply with the mailbox rule.

Shortly thereafter, the Government filed a Supplemental Response indicating that its initial response misstated the law and that, in the Third Circuit, a notice of appeal may not be construed as a motion for extension of time. (D.I. 265). The Government also reiterated its contention that D.I. 255 was untimely and requested the Court to deny the extension of time sought in D.I. 255.

Defendant filed a Response To The Government's Supplemental Motion (D.I. 268) reiterating that he is entitled to an extension

3

of time under Federal Appellate Rule 4(a)(5), regardless of any Third Circuit case law. Defendant did not comment on the questions raised by the Government concerning the accuracy of the date of his letter/motion (D.I. 255).

**DISCUSSION**

In <u>Poole v. Family Court of New Castle County</u>, 368 F.3d 263 (3d Cir. 2004), the Third Circuit concluded that a notice of appeal cannot be construed as a motion to extend time to file an appeal in a civil case under Federal Rule of Appellate Procedure 4(a)(5). Accordingly, Defendant cannot obtain an extension of time based on his filing of the notice of appeal. (D.I. 251).

As a result, this Court is left to determine whether it can extend Defendant's time to file an appeal under Federal Rule of Appellate Procedure 4(a)(5) based on his letter motions (D.I. 253, 255).[2] Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), Defendant had sixty days from the date the judgment or order appealed from is entered to file his notice of appeal.

---

[2]   Federal Rule of Appellate Procedure 4(a)(5)(A) provides:

> The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

4

Applying that time frame to this case, Defendant's notice of appeal was due on April 9, 2004; however, pursuant to Federal Rule Of Appellate Procedure 4(a)(5), Defendant had an additional thirty days to file a motion for extension of time. Thirty days from April 9, 2004 would have been May 9, 2004, but May 9, 2004 was a Sunday. As a result, Defendant had until May 10, 2004 to file his motion for extension of time to file his appeal.

The Government refers only to D.I. 255, presumably because D.I. 253 was docketed as a notice of appeal. Looking at D.I. 255 only, the Court could not grant Defendant's motion for extension of time to file an appeal. On its face, D.I. 255 is dated April 10, 2004, and absent proof of mailing, courts in this circuit have treated the date of the motion as the date of mailing. However, the Court is persuaded that the date of D.I. 255 is unreliable. The letter motion was postmarked May 11, 2004, and refers to a letter/motion filed by Defendant on April 29, 2004.[3] Although the Government raised questions concerning the accuracy of the date of D.I. 255, and Defendant filed a Response to the Government's Supplemental Response, Defendant did not advance any evidence supporting his contention that the letter was dated April 10, 2004. As a result, Defendant has not demonstrated that

---

[3] There is no letter by Defendant dated April 29, 2004; however, D.I. 253 is undated and postmarked April 30, 2004. In its initial response, the Government acknowledges that Defendant is likely referring to D.I. 253. (D.I. 262 at 1 n.2).

5

D.I. 255 was timely filed.

However, D.I. 253 was postmarked April 30, 2004, and thus, it appears that D.I. 253 was timely filed. Presumably, the Government did not treat D.I. 253 as a motion to extend time, because it was not docketed as such. However, upon further review, the Court is persuaded that D.I. 253 was improperly docketed as a notice of appeal and that it should have been docketed as a motion for extension of time to file an appeal as expressly requested by Defendant.

Because D.I. 253 was timely filed, the Court must next consider whether Defendant has established good cause or excusable neglect for granting Defendant's request for extension of time.[4] Fed. R. App. Pro. 4(a)(5)(ii); See Consolidated Freightways Corp. of Delaware, 827 F.2d 916, 918 n.3 (3d Cir. 1987). Defendant contends that he did not receive the Court's February 9, 2004 order until April 7, 2004, as a result of his

---

[4] Among the factors that are relevant to determining whether good cause or excusable neglect exists are: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) whether the movant acted in good faith; (5) whether the inadvertence reflected professional incompetence such as ignorance of the rules of procedure; (6) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; and (7) whether the neglect resulted from complete lack of diligence." Consolidated Freightways Corp. of Delaware v. Larson, 827 F.2d 916, 919 (3d Cir. 1987) (involving a movant who is represented by counsel).

transfer to another prison. Defendant is proceeding pro se and took action within two weeks of receiving the Court's February 9, 2004 Order by sending his letter (D.I. 251) dated April 18, 2004, construed as a notice of appeal, to the Third Circuit. Once Defendant was informed by the Third Circuit's letter dated April 26, 2004, that his filing (D.I. 251) was in error, Defendant again took prompt action by filing D.I. 253 four days later. That D.I. 253 was improperly docketed does not detract from Defendant's efforts to obtain an extension of time in a timely manner. Further, based on its initial response to D.I. 255, it appears that the Government would not oppose Defendant's request for an extension of time so long as the requirements of Federal Rule of Appellate Procedure 4 are satisfied. Given these circumstances, the Court is persuaded that Defendant has established good cause and/or excusable neglect for his failure to timely file his notice of appeal. Accordingly, the Court will grant Defendant's request for an extension of time. To ensure that Defendant has adequate time to file his notice of appeal, the Court will enter an Order in accordance with this Memorandum Opinion on March 18, 2005, and Defendant shall file his notice of appeal no later than April 1, 2005, which is ten (10) days after the entry of the Court's Order. Fed. R. Civ. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting

7

the motion is entered, whichever is later."). The Court will also order the Clerk to correct the docket entry for D.I. 253 so that it is appropriately characterized as a motion to extend the time for filing an appeal.

## CONCLUSION

For the reasons discussed, the Court will grant Defendant's Application To Proceed In Forma Pauperis, and grant his request for an extension of time to file a notice of appeal. To ensure that Defendant has adequate time to file his notice of appeal, the Court will provide Defendant with notice that the Court will enter an Order in accordance with this Memorandum Opinion on March 18, 2005, and Defendant shall file his notice of appeal no later than April 1, 2005, which is ten (10) days after the entry of the Court's Order. In addition, the Clerk of the Court will be ordered to correct the docket in this case to reflect that D.I. 253 is a motion for extension of time to file an appeal.

An appropriate Order will be entered on March 18, 2005.

8