

IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

PARRIS WALL )
    Petitioner, )
v. ) Criminal Action No.99-33-004(JJF)
 ) Civil Action No.**(Previously)**
UNITED STATES OF AMERICA     04-2280
    Respondent )

)

FILED
MAR 30 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF APPEALABILITY

PURSUANT TO 28 U.S.C. 2253(c)(2)

    COMES NOW, the petitioner, Parris Wall, pro se and hereby submits this memorandum of law in support of his C.O.A./ 28 U.S.C. 2253 (c)(2).

PRO SE AUTHORIZATION AND DECLARATION

    Petitioner, herin declares that he is unlearned in the complicated skills of federal criminal law, and even more so the complicated art of federal procedure."The U.S.Supreme Court holds that allegations of pro-se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers."If the Court can reasonably read pleading to state valid claims in which the litigant could prevail, the Court should grant despite failure to cite proper legal authority, confusion of legal theories, and poor syntax, HAINES

(1)

v. KERNER, 404 U.S. 519 (1972).

## ISSUE OF TIMELINESS FOR WHICH C.O.A WAS GRANTED.

Pursuant to A.E.D.P.A. a person who wishes to attack his conviction or sentence through the remedy of a 28 U.S.C. 2255 petitin has one year to do so in addition to the 90 days he has to seek review through writ of certiorari in the U.S. Supreme Court. Regardless of whether the this remedy is employed the 90 day period is still extended to petitioner in addition to the one year limitatatin period pursuant to A.E.D.P.A.

During the period in which the petitioner could have filed for writ of certiorari he choose instead to file a motion for Reconsideration of rehaering en banc or Considerration of Direct Review, in which the Third Circuit Court of Appeals construed as a motion to file for rehearing out of time, and granted the petitioners motion. SEE ATTACHED ORDER.

This circuit among other circuits have long discouraged defendants from filing 2255 petitions while direct review is still pending, or the case is subject to futher review, SEE KAPRAL v.U.S. 166 F.3d 565 (3rd.Cir.1998), citing FE1DMAN, supra; UNITED STATES v. GORDON, 634 F.2d. 638,638-639(1st.Cir1980), (holding that "in absence of extraordinary circumstances the orderly administration of crominal justice precludes a district court from considering a 2255 motion while review of the direct appeal is still pending."); UNITED STATES v.DAVIS,604 F.2d.474,484,

(2)

(7th.Cir.1979)(same);WELSH v.U.S.404 F.2d.333(5th.Cir.1968)(same);WOMACK v.UNITED STATES,395 F.2d. 630(D.C. Cir.1968)(same);MASTERS v.EIDE,353 F.2d. 517,518(8th Cir.1965)(same); see also Rule 5,Rules Governing 2255 Proceedings,Advisory Commitee note (1997)(2255 motion is inappropiate if the movant is simultaneously appealing the decision.")

In CLAY v.UNITED STATES (2003) 537 US 522,155 L.Ed 2d 88, 123 S Ct 1072 the U,S Supreme Court Held:For the purpose of starting the clock on the 2255's one-year limitation period,a judgement of conviction becomes final when the time expires for filing a petition of certiorari contesting the appellant courts affirmation of the conviction.

Therefore,when the Court granted petitioners motion to file for rehearing out of time on April 1,2002,and decided the issue on April 22,2002,April 22,2002 is the date that the petitioners conviction became final. Petitioner's filing of his 2255 petition on or about January 31,2003 is well within the applicable time period for filing pursuant to A.E.D.P.A.

WHEREFORE,the petitioner having filed his petition within the applicable allowable time period pursuant to A.E.D.P.A. the District Court dismissal was erroneous,and his petition should have been entertained on the merits,

(3)

## CONCLUSION

Petitioner respectfully ask that this Honorable Court do whatsoever it deems to be necessary to allow the petitioner to have the arguments and claims that were the subject of his 2255 petition that was previously filed to the District Court as well as any other valid claims heard that he wishes to present.

Dated:

*M. Nichols* 3-23-05
M. Nicholas, Case Manager
Authorized by the Act of
July 7, 1955, as amended, to
administer oaths, (18 USC 4004).

RESPECTFULLY SUBMITTED,

*Parris Wall*

Parris Wall, pro se

(4)

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 01-2787

UNITED STATES OF AMERICA
v.
PARRIS WALL, Appellant

(D.C. No. 99-cr-0003-4 )

Present: MANSMANN, RENDELL and GREENBERG, Circuit Judges

O R D E R

It appearing that a panel of this Court disposed of the above case by an order filed on 9/27/01, and
it further appearing that the court granted appellant leave to file a petition for rehearing.

In light of the above it is  O R D E R E D  that the certified order which issued in lieu of formal mandate on 10/19/01, be and is hereby RECALLED.

For the Court,

Marcia M. Waldron
Clerk

Dated: April 3, 2002
SMA:CC:TO: RA, PW

The petition for rehearing filed by appellant having been submitted to all judges who participated in the decision of this court, and to all the other available circuit judges in active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is hereby DENIED.

BY THE COURT:

_____
Circuit Judge

Dated: **APR 2 2 2002**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

February 12, 2002

No. 01-2787

UNITED STATES OF AMERICA

v.

PARRIS WALL, Appellant

(Delaware D.C. No. 99-cr-00003-4 (RRM))

Present: MANSMANN, Circuit Judge

Motion by for Rehearing En Banc or Consideration of Direct Review which the Court May Wish to Construe as Motion to File Petition for Rehearing Out of Time.

Petition for Rehearing was due on October 11, 2001.
Please refer to C-136

Susan M. Acerba 267-299-4920
Case Manager

---

O R D E R

The foregoing motion is considered as a motion to file for rehearing out of time and is granted. In addition, the motion is considered as a petition for rehearing en banc; the clerk shall circulate it to the full court.

*Judge Mansmann acted on the order prior to her death. The Clerk's Office processed the order after she deceased

By the Court,

Carol Los Mansmann
Circuit Judge

Dated: APR 1 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,                :
                                         :
                Plaintiff,                :
                                         :
        v.                                :   Criminal Action No. 99-033-4-JJF
                                         :
                                         :   Civil Action No. 03-148-JJF
PARRIS L. WALL, JR.,                     :
                                         :
                Defendant.                :
                                         :

**O R D E R**

WHEREAS, the Court issued a Memorandum Opinion in the above-captioned case on March 7, 2005;

WHEREAS, an error in the address label prevented Defendant from receiving his copy of the Court's Memorandum Opinion;

WHEREAS, in light of these circumstances, the Court will amend its previously issued Memorandum Opinion to delay entry of the Order granting Defendant's motion for an extension of time to file an appeal;

WHEREAS, Defendant is hereby provided notice that the Order granting Defendant's motion for an extension of time to file an appeal will be entered on March 28, 2005, and therefore, Defendant's notice of appeal shall be filed no later than April 11, 2005;

NOW THEREFORE, IT IS HEREBY ORDERED this 18th day of March 2005 that:

1.  The Memorandum Opinion issued on March 7, 2005 shall be amended to reflect that entry of the Order granting Defendant's

motion for an extension of time shall be entered on March 28, 2005, and therefore, Defendant's notice of appeal shall be filed no later than April 11, 2005.

    2.    The Clerk shall mail a copy of this Order and the March 7, 2005 Memorandum Opinion to Defendant.

_[signature]_
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I, __Parris Wall__, hereby certify that I have served a true and correct copy of the foregoing:

1. Notice of Appeal

2. Motion to Expand the C.O.A.

3. Certificate of Appealability memorandum of law.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Office of the Clerk
United States District Court
844 N.King Street, Lockbox 18
Wilmington, DE 19801-3750

Richard G. Andrews, ESQ.
Office of U.S. Attorney
1007 Orange Street
Suite 700
Wilmington, DE 19899-2046

also: Office of the Clerk, U.S. Court of Appeals for the Third Circuit, 21400 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106-1790
and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __23__ day of __March__,

M. Nill 3-23-05
M. Nicholas, Case Manager
Authorized by the Act of
July 7, 1955, as amended, to
administer oaths, (18 USC 4004).

Respectfully Submitted,

Parris Wall

REG. NO. __04172-015__