IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 99-033-4-JJF |
| | : Civil Action No. 03-148-JJF |
| PARRIS L. WALL, JR., | : |
| Defendant. | : |

Colm F. Connolly, Esquire, United States Attorney, Richard G. Andrews, Esquire, First Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Plaintiff.

Parris L. Wall, Jr., Pro Se Defendant.

**MEMORANDUM OPINION**

April 20, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a motion pursuant to Federal Rule of Civil Procedure 60(b) (D.I. 276) filed by Defendant, Parris L. Wall, Jr. By his motion, Defendant requests the Court to vacate his sentence and resentence him without consideration of the career offender enhancement. For the reasons discussed, Defendant's Rule 60(b) motion will be dismissed as an unauthorized second or successive motion under 28 U.S.C. § 2255, and the relief requested therein will be denied.

## BACKGROUND

On February 9, 2004, the Court denied Defendant's Motion To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody ("Section 2255 Motion") concluding that the Section 2255 Motion was untimely, but granting Defendant a certificate of appealability. The Court also granted Defendant's request to expand the time to file a notice of appeal of the Court's decision, and Defendant has since filed a notice of appeal.

Defendant now moves for relief under Rule 60(b) contending that the Court erred in concluding that he was a career offender. Defendant requests the Court to vacate his sentence and resentence him.

## DISCUSSION

In Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004), the Third Circuit addressed the question of how a Rule 60(b) motion

1

should be adjudicated in the context of a habeas petitioner who has previously moved for habeas relief. Joining the approach taken by the First, Fourth, Seventh, Eighth and Ninth Circuits, the Third Circuit concluded that "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Id.

It is evident to the Court based on the nature of the claims raised by Defendant and the relief he requests, that Defendant is not challenging the manner in which his earlier habeas judgment was procured. Defendant raises claims related to his career offender status which were not raised in his prior Section 2255 motion, and Defendant requests the Court to vacate his sentence and resentence him. As such, the Court concludes that Defendant's motion should not be adjudicated as a Rule 60(b) motion, but instead, should be recharacterized as a Section 2255 motion to vacate, modify or correct sentence.[1] Pridgen, 380 F.3d

---

[1] That Defendant challenges his underlying sentence and not his conviction does not alter the Court's conclusion that his motion is properly treated as a Section 2255 motion. See Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003) (adopting rule espoused in Rodwell v. Pepe, 324 F.2d 66, 67 (1st Cir.

2

at 727.

The provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") require a defendant filing a second or successive Section 2255 motion in the district court to first obtain authorization from the appropriate court of appeals. 28 U.S.C. §§ 2244(a), 2255. Without such authorization, the district court is without jurisdiction to consider a second or successive Section 2255 motion.[2] Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2000). A Section 2255 motion is considered a second or successive motion if a prior Section 2255 motion has

---

2003), that "[w]hen the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence, then the motion should be treated as a second or successive habeas petition"); United States of America v. Heckard, 2000 WL 959594, *1 (9th Cir. June 26, 2000) (treating motion that raises new challenges to conviction and sentence as second or successive § 2255 motion) (citing Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998)); Harris v. United States, 357 F. Supp. 2d 524, 528 (N.D.N.Y. 2005) ("Rule 60(b) does not provide an alternative vehicle for a federal prisoner to collaterally challenge his conviction and sentence when, as here, the prisoner has failed to satisfy the procedural requirements of 28 U.S.C. § 2255."); United States of America v. Saccoccia, 2004 WL 1764556, *1 (D.R.I. Aug. 2, 2004) ("[T]he fact that [defendant's] challenge is directed only at his sentence does not transform it into something other than a § 2255 petition. Section 2255 is denominated expressly as a means of "attacking sentence" . . . .").

[2]   See also Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.") (emphasis in original); Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir. 1998) (holding that without authorization from the Court of Appeals "the district court lacked jurisdiction to decide [petitioner's] unauthorized second petition").

3

been decided on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition"). A Section 2255 motion that is dismissed as time-barred constitutes an adjudication on the merits. Villaneuva v United States, 346 F.3d 55, 60 (2d Cir. 2003); U.S. v. Harris, 2002 WL 31859440, at *3 (E.D. Pa. Dec. 20, 2002); see generally, Plaut v. Spendthrift Farm, 514 U.S. 211, 228 (1995)("The rules of finality, both statutory and judge made, treat a dismissal on statute of limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.").

In this case, Defendant's initial Section 2255 motion was dismissed as time-barred, and Defendant has not obtained leave from the Third Circuit to file a second or successive Section 2255 motion. Accordingly, the Court will dismiss Defendant's Rule 60(b) motion, recharacterized as a Section 2255 motion, for lack of jurisdiction.

## CONCLUSION

For the reasons discussed, the Court will dismiss Defendant's Rule 60(b) motion, recharacterized as a Section 2255 motion, for lack of jurisdiction and deny the relief requested.

An appropriate Order will be entered.

4