IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARRIS WALL, | ) | 05-592 |
| Petitioner | ) | |
| vs. | ) | CR 99-33-JJF |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | RECEIVED AUG -1 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE |

COMES NOW, the petitioner, Parris Wall, pro se and hereby submits this memorandum of law in support of law pursuant to Federal Rules and Civil Procedures Rule 60(b)(6).

**Pro se authorization and declaration.**

Petitioner herein, declares that he is unlearned in the complicated skills of federal criminal law and even more so the complicated art of federal procedure. "The U.S. Supreme Court holds that allegations of pro-se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers." If the Court can reasonably read pleadings to state valid claims in which the litigant could prevail, the Court should grant despite failure to cite proper legal authority, confusion of legal theories, and poor syntax, **HAINES vs. KERNER, 404 U.S. 519(1972)**

1.)

At petitioner's federal sentencing hearing he was found to be a career offender by recommendation of the pre sentence officer's report, **SEE EXHIBIT #1.**_____,and "Letter from United States Attorney (Richard Andrews) to Nancy Klinger.

### Facts of the case.

1.) On July 17,1989, the Delaware law changed, reducing the statutory maximum penalty for assault in the third degree from two years maximum penalty to one year maximum penalty.

2.) On May 19,1990, the petitioner was charged with the crime of assault in the third degree.*This was after the penalty had changed to a one year maximum penalty,

3.) On June 30,1990, the one year maximum statute for assault in the third degree became effective.

4.) On September 11,1990, after the new statute was in effect in the State of Delaware, the petitioner's attorney relayed to him that he could plead guilty to the "former" two year maximum sentence, or the "current" one year maximum statute that was in effect at the time, and advised me to plead to the former.

> Petitioner's Assault 3rd conviction used to
> qualify him for the career offender status
> was unconstitutional and the Court
> should have raised the issue sua sponte.

2.)

The charges relied upon to classify the petitioner as a career offender were poss.w/intent to deliver cocaine,which the petitioner concedes was valid under 4B1.2,and the other charge being assault in the third degree,which was a misdemeanor and was only punishable by one year maximum sentence at the time that the petitioner pled guilty to this offense.

The sentence that petitioner received for this offense in the state was in violation of the ex post facto clause of the U.S. Const.Art.I 9,cl.3,and the record was maturely enough developed at the petitioner's federal sentencing hearing to conclude that the prior offense was in violation of the ex post facto clause,and the District Court having knowledge of this prior offense as well as documentation of the dates surrounding the offense,i.e.(intervening change of law,commencement of crime, date of sentencing)the Court should have recognized that this conviction relied upon was constitutionally invalid to use to support the career offender finding and raised this issue sua sponte.

> Petitioner contends that the Courts determination that he was a career offender is a erroneous mis-application of the sentencing guidelines.

As in the federal system the same is true within the state system.The guidelines and statutes in effect at the time of the sentencing shall be applied. When the Court in a criminal case is confronted with post-offense amendments which call for a more severe severe sentence than that prescribed by the guide-lines in effect at the time of the offense,the Court must apply

3.)

the guidelines as they existed at the time of the crime, **U.S. vs. Omoruyi, 260 F.3d. 291,297(3rd.Cir.2001)**.

In **Stinson vs. Unied States**, it was held ,"the guidelines manual's commentary which interprets or explains a guideline is authoritive, unless it violates the constitution or a federal statute, or is inconsistent with, or plainly erroneous reading of, that guideline, **Id at,123 L.Ed.2d.598,602**. The Court also states in Stinson, that Commentary which function to "interpret a guide-line or explain how it is to be applied," U.S.S.G. "1B1.7 controls, and if failure to follow, or a misreading of such commentary results in a sentence selected from the wrong guide-line range **Williams vs. United States, supra at 117 L.Ed 2d.341, 112 S.CT 1112,** that sentence would constitute an incorrect application of the sentencing guidelines, under 18 USC 3742(f). A guideline itself makes a proposition clear. See U.S.S.G.1B1.7. Failure to follow such commentary could constitute an incorrect application of the guidelines subjecting the sentence to possible reversal on appeal.

The probation officer in response to the petitioners objection to the pre sentence report and the use of the assault third conviction cited a second circuit case **Mortimer, 52 F.3d. 429,443(2nd.Cir.1995). Mortimer** is out of place applied to the petitioners arguement. The petitioner is not merely arguing that he wants to have the statute as it was at the time of his federal sentencing applied, but "that in determining whether or not the

4.)

petitioner was a career offender, the District Court should have looked to the statutory maximum penalty the the charge was **"punishable by"**, and not the actual sentence imposed.

However, application note (1) to the commentary of 4B1.2 of the U.S.S.G reads in pertinent part that:

(Please read this highlighted area with the 'rule of lenity' in mind.)

"a prior felony conviction for an offense punishable by death or imprisonment exceeding one year and regardless of whether such offense was specifically designated as a felony and [regardless of the actual sentence imposed]."

"Regardless of the fact that a two year maximum sentence was imposed upon the petitioner, **still the fact remains which is on record and undisputed**(SEE Government's **rebuttal on this issue EXHIBIT #   2   ,) that at the time of petitioners state sentencing hearing, the offense in which he was punished and sentenced for was punishable by one year statutory maximum sentence.**

In addition to this, application note(3) to the commentary of 4B1.2 reads: <u>The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by plea, trial, or plea of nole contendere.</u>

The date in which the petitioner made his plea to the prior offense of assault in the third degree which was used to classify him as a career offender was September 11, 1990, and at this time, on this day the crime of assault in the third degree in the State of Delaware was **"punishable"** by a maximum sentence of **"one year"** SEE EXHIBIT #   2   .

## The Conclusion

WHEREFORE THE PETITIONER, prays that this Honorable Court having jurisdiction over the matter will entertain the petitioner's motion and vacate his sentence and re sentence him without cosideration of the career offender enhancement. For the petitioner to have to complete this sentence in full that was enhanced based upon a prior that was imposed in violation of the ex post facto clause of the constitution **and/or** a mis-application of the sentencing guidelines would be a grave miscarriage of justice.

Although at the petitioners federal sentencing hearing the Hon. Judge McKelvie presiding did downward depart under 4A1.3 stating the the career offender enhancement overstated the petitioners criminal history, nevertheless the sentence of 180 months is still 43 months above the high end of the guidelines range that petitioner should and would have received had the Court either raised the ex post facto concerns regarding the prior offense "sua sponte" or referred to the commentary notes regarding the application of 4B1.2.

Petitioner, respectfully request that this Honorable Court grant to him the relief he is seeking....."A sentence within his applicable guideline range of 110-137 months-Category V, without the erroneous career offender enhancement.

Petitioner has exhausted his remedies within the state court, as well as preserved this issue within the federal courts i.e. (the District Court and Third Circuit Court of Appeals.

Dated:                                                  RESPECTFULLY SUBMITTED,


                                                       PARRIS WALL, pro se

(7)

# CERTIFICATE OF SERVICE

I, __Parris Wall_____, hereby certify that I have served a true and correct copy of the foregoing:

One motion pursuant to Rule 60(b)(6) consisting of (7)pages, not including the exhibits.

*Plus the certificate of service.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Richard G. Andrews, Esq.
Leonard P. Stark, Esq.
Office of United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _____ day of _____,

Respectfully Submitted,

_____

REG. NO. __04172-015__

RE: Parris Lewis Wall

## Defendant's Objections

3. Counsel objects to the classification of the defendant as career offender. Counsel states that the conviction of Assault 3rd should not be used to classify the defendant as a career offender. Assault 3rd at present, does not carry a prison sentence of over one year. On July 17, 1989, the Delaware law was changed to reduce the penalty of Assault 3rd from two years' to a one year sentence and was to take effect on June 30, 1990. The defendant's date of arrest was May 19, 1990 when the law was based on the old law, but was changed to one year on June 30, 1990. Therefore, the Court should use the one year sentence as the appropriate sentence since when he is classified as a career criminal should be the timing of when crimes fall into the definition of career criminal. Since Assault 3rd should be used as a sentence under one year, it should not be counted to classify the defendant as career criminal.

## The Probation Officer's Response

Pursuant to U.S.S.G. § 4B1.2, application note 1, a prior felony conviction means a prior federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. The defendant was arrested on May 19, 1990. The Delaware Statute changing the penalty for Assault 3rd from two years to one year imprisonment, did not become effective until June 30, 1990. Pursuant to the State plea agreement, the defendant was sentenced under the Assault 3rd old statute, whose penalty was two years imprisonment. Court documentation shows that the defendant, along with his attorney at that time, both acknowledged that the statutory maximum sentence for Assault 3rd, at the defendant's time of sentencing (September 11, 1990), was two years.

Counsel's argument that since the defendant is a career criminal now, at the time of his federal sentencing, the Court should look at the penalty for Assault 3rd as it is today, has been addressed by the Court in *Wright v. U.S.* 1997 WL 699307, *5 (D. Del). The Court ruled that 28 U.S.C. §994(h), does not indicate that a sentencing court should look at the term of imprisonment applicable to a prior conviction at the time of the defendant's federal sentencing. *U.S. v. Mortimer*, 52 F.3d 429, 343 (2d Cir. 1995) also ruled that "The Guidelines makes no additional provisions for a state's reclassification of an offense for which a defendant has previously been convicted and sentenced..... a district court counting criminal history points should consider the state sentence that is actually imposed upon a defendant, without regard to whether the offense has subsequently been reclassified". Therefore, the probation officer believes that the career criminal status is appropriate for this defendant.

Should the Court determine that the Assault 3rd conviction does not qualify the defendant for the career criminal status, the defendant's Criminal History would be V, offense level 26 and a guideline range of imprisonment of 110 to 137 months



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Chase Manhattan Centre
1201 Market Street, Suite 1100
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

January 4, 2000

Ms. Nancy Klingler
United States Probation Office
Federal Building, Room 2201
300 South New Street
Dover, Delaware   19804

    Re:  **United States v. Parris Wall**
         <u>**Criminal Action No. 99-33-RRM**</u>

Dear Nancy:

    This letter is in response to the objections of Parris Wall.

    His first objection is that some of the drugs that are included in the "weight of drugs calculation" were the subject of counts on which he or others were acquitted. The fact that there were acquittals is not the end of the matter. It's up to the sentencing judge to determine which amounts are includable, using the preponderance of the evidence standard. Since the Defendant was found to be part of the conspiracy, any drugs that were (1) in furtherance of the jointly undertaken activity, (2) were within the scope of the defendant's agreement, and (3) were reasonably foreseeable in connection with the criminal activity the defendant agreed to undertake, are to be counted for determining the guideline. *See United States v. Collado*, 975 F.2d 985, 995 (3d Cir. 1992).

    I think all the drugs meet the first standard, but I am not sure that we have the evidence to support the second and third standards as to all of the drugs. Therefore, my suggestion is, bearing in mind the caselaw saying that the benefit of the doubt is to be given to the Defendant, *see, e.g., United States v. Miele*, 989 F.2d 659, 664-68 (3d Cir. 1993), and notwithstanding the testimonial evidence that Wall regularly received cocaine from Joe Scott, that the weight of the drugs attributed to Wall be limited to the amount that he ~~actually~~ sold to the undercover officer (.18 + .37 + .94 + .77 = 2.26 grams of crack), seized from the Defendant at the time of his arrest (.67 grams of crack), and the amounts estimated from the records of Joe Scott (20 ounces, or 567 grams, of [powder] cocaine). Based on the conversion tables, this would be the equivalent of 172 kg of marijuana ((2.93 x 20 kg = 58,600 grams of marijuana) + (567 x 200 g = 113,400 grams of marijuana) = 172,000 grams of marijuana). This would be level 26. It would also invoke the sentencing penalties of 21 U.S.C. §841(b)(1)(B) rather than 21 U.S.C. §841(b)(1)(A).

Ms. Nancy Klingler
January 4, 2000
Page 2

Re: Parris Wall

---

This will have consequences for the guidelines calculations. As for the career offender provision, the net effect is that his score at ¶47 (chapter four enhancements) should be 34 rather than 38, because the offense statutory maximum is 40 years rather than life. See SG §4B1.1. Because he is a career offender, he is not eligible for a reduction for minor role in the offense (and, of course, by this conservative calculation of the drug amounts with which he was involved, there is no factual basis for a minor role adjustment either), and his final guidelines range should be determined by a final offense level of 34 and a criminal history category of VI, which means that his sentencing range is 262-327 months.

As for the other objections, Cynthia Perry is an acquaintance of the Defendant, as evidenced by the fact that she was driving the car in which the Defendant was arrested. As for the ledger, it was properly admitted at trial, and is uncontradicted by anything in the record. In addition, it was corroborated, in terms of its accuracy, in that it listed the Defendant and Aaron Collins as customers of Joe Scott, which was subsequently proved to be true. As for the argument that the sentencing range in this case would constitute "cruel and unusual punishment," it is unsupported by any citation to authority, and flies in the face of common sense. Further, the sentencing range is not based on one small delivery of drugs, but rather on an extensive conspiracy in which the Defendant was a regular and active participant. As for the issue of two points for the guns, I don't believe there is any specific evidence that Wall knew there were guns involved with the coconspirators, and there is no evidence that Wall was ever personally involved with guns.

You have told me that you have found authority for inclusion of the assault third conviction as a qualifying crime of violence, and I agree with that.

Yours very truly,

Richard G. Andrews
Acting United States Attorney

There is a list of the offenses to which this subsection refers. "Unauthorized use of a motor vehicle" is not one of the listed offenses, and thus this subsection does not apply to the conviction. Further, since he had thirteen "one point" convictions, and only four of them were allowed to count, see PSR ¶110, there could not be any harm even if there were error.

The Defendant also objects to the "two points" he was given for a conviction for escape 3rd for which he received a sentence of six months in custody. See PSR ¶102; U.S.S.G. §4A1.1(b). The Defendant argues that he should only have gotten one point because the presentence report indicates he was released from custody the month after he was sentenced. This is irrelevant, because, as the Commentary to the Sentencing Guidelines provides, "criminal history points are based on the sentence pronounced, not the length of time actually served." U.S.S.G. §4A1.2, Application Note 2. There was no plain error in either of these calculations.

### 3. The District Court Was Correct to Treat the Assault 3rd Conviction as a Felony.

The Defendant was determined to be a career offender. His only objection to this classification was based on the argument that his assault 3rd conviction, see PSR ¶¶64-64, 113, one of his two qualifying convictions, should not have been counted because the maximum penalty at the time of the conviction was one year's imprisonment. It was, and still is, undisputed that Delaware law changed the statutory maximum sentence for assault 3rd, effective June 30, 1990, from two years' imprisonment, to one year's

imprisonment. However, the Defendant committed his offense on May 19, 1990, see PSR ¶64, and thus was provided with a choice as to whether he would be sentenced under the law in effect on May 19, 1990, when the maximum penalty was two years, <u>or the law in effect after June 30, 1990, when the maximum penalty was one year.</u>[6] See 11 Del. Code §4216(d). He chose the former. SA:5-6. Thus, his assault 3rd conviction had a maximum two-year penalty, both at the time he committed the offense, and at the time he was sentenced, and it was properly included as a qualifying conviction.

C.  **The Defendant Coley's Arguments Are Without Merit.**

Defendant Coley raises two non-*Apprendi* arguments, neither of which has merit.

1.  **The District Court Was Not Clearly Erroneous to Deny Coley Acceptance of Responsibility.**

The Defendant Coley argues that the District Court was wrong as a matter of law to deny him acceptance of responsibility. The Defendant's argument is without merit. First, he went to trial, and he did not make any confession or admissions before trial. Second, at sentencing, he submitted a statement stating that, "I realize my actions were wrong in possessing the drugs." A:647. Even then, he was very vague about what drugs he was admitting he possessed.[7] Third, although the Defendant asserts that "his

---

[6] The change in the law was just one part of Delaware's Truth in Sentencing Act of 1989.

[7] He possessed a small quantity in his buttocks. Based on his sentencing comment, "I just object to that 204 grams," A:651, it appears he didn't admit to possessing the bulk of the drugs of
(continued...)

49