IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PARRIS WALL,                :
                            :
        Petitioner,         :
                            :
v.                          :   Civil Action No. 05-592-JJF
                            :   Criminal Action No. 99-33-JJF
                            :
UNITED STATES OF            :
AMERICA,                    :
                            :
        Respondent.         :

### O R D E R

WHEREAS, on February 9, 2004, the Court denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255 as untimely, but granted Petitioner a certificate of appealability. (D.I. 247; D.I. 248.); and

WHEREAS, in February 2005, Petitioner filed a Rule 60(b) Motion for Reconsideration asking the Court to reconsider its denial of his § 2255 Motion. (D.I. 276.); and

WHEREAS, because Petitioner's Rule 60(b) Motion contended that the Court erred in concluding that he was a career offender, and asked the Court to re-sentence him, the Court denied the Rule 60(b) Motion as a second or successive § 2255 motion because it challenged his underlying conviction and not the manner in which his original § 2255 decision was procured. (D.I. 288.); and

WHEREAS, Petitioner has now filed a letter request asking the Court to reconsider the career offender enhancement to his sentence under "Booker," (D.I. 301.), which mirrors the request previously made in his Rule 60(b) Motion.

NOW, THEREFORE, at Wilmington this 15 day of September 2005; IT IS ORDERED that:

1. For the same reasons stated in the Court's April 27, 2005 Memorandum Opinion denying Petitioner's Rule 60(b) Motion, (D.I. 287.), Petitioner's request that the Court reconsider his career enhancement under Booker is construed to be a second or successive request to vacate, modify or correct his sentence pursuant to 28 U.S.C. § 2255, and is therefore DENIED. (D.I. 301.)

2. Petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

_____
United States District Court