IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Criminal Action No. 99-33-JJF |
| ) | |
| PARRIS WALL, ) | |
| ) | |
| Defendant. ) | |

### RESPONSE TO MOTION FOR RETURN OF PROPERTY

Now comes the United States, and in response to the Defendant Parris Wall's Motion for Return of Property (D.I. 307), states as follows:

### Factual Background

1. The Defendant states that when he was arrested on a federal warrant on May 17, 1999, that he had in his possession $590 that was on his person, and a "portfolio of car titles, rent receipts and one gold ring" that was in his custody. He states that all these items were seized by law enforcement agents on that date.

2. The United States admits that law enforcement officers arrested the Defendant on May 17, 1999, pursuant to a federal arrest warrant, and seized $591 from him. (They also seized about a gram of crack cocaine). As detailed below, the $591 was introduced as evidence at the Defendant's trial, and subsequently turned over to the Dover Police Department, which still has the money.

3. The United States denies that the Officers seized car titles, rent receipts and a gold ring. The United States further denies ever having in its possession the car titles, rent receipts and gold ring.

4. The United States does not have any of the property.

5. The $591 was placed into evidence at the Dover Police Department on May 17, 1999. It stayed in the custody of the Dover Police Department until September 27, 1999, when it was turned over to Dover Police Officer Daniel McKeown for the trial. At trial, it was entered into evidence as GX-42. See D.I. 152, page 59 (attached as Exhibit A).[1] Thereafter, on October 8, 1999, Dover Police Officer Daniel McKeown signed with the Court for its return.[2] See Exhibit B. It was thereafter entered back into evidence at the Dover Police Department, on October 28, 1999, at 3:00 p.m., where it was placed in the "money safe." Thereafter, it remained in the safe, which is where it still is. See Exhibit C (Declaration of Dover Police Department Evidence Technician).

6. The United States denies seizing the other items. First, there is no record of such items being entered as exhibits in the case file. See Exhibit D (Declaration of DEA Resident Agent-in-Charge). Second, there is no evidence that such items were entered into evidence at the Dover Police Department either. See Exhibit C.

**Should There Be a Hearing?**

7. The question arises as to whether the District Court should have an evidentiary hearing on this Motion. There is no dispute as to the location of the $591, so there is no reason to hold a

---

[1] The movant avers under penalty of perjury that the [$591] was not produced by the Government at trial. Motion, ¶5. Assuming that this is just a mistake (since there seems to be little reason to lie about it), it certainly undercuts the credibility of the movant's assertions in his motion.

[2] McKeown signed as a "TFO." TFO stands for Task Force Officer. McKeown was assigned to the DEA Task Force at the time.

hearing on it. The United States notes that the movant, Parris Wall, filed his motion with a declaration that it was made under penalty of perjury. The United States is filing contemporaneously with this Response various declarations and documents to support the factual assertions contained in the Response. There is thus a dispute as to what the facts are in relation to the car titles, rent receipts, and gold ring. It would thus appear that the Court ought to hold a hearing in which the Court would take evidence on "'any disputed issue of fact necessary to the resolution of the motion,' which may include determining 'what happened' to the seized property." *United States v. Albinson*, 356 F.3d 278, 282 (3d Cir. 2004).

8. On the other hand, the movant, Parris Wall, who will undoubtedly respond to this Response, may want to consider whether he believes any useful purpose will be accomplished by having a hearing.[3] Assuming the movant were to prevail, what would be his remedy? It's doubtful that the car titles and rent receipts have anything more than a nominal value. There is insufficient information to offer an opinion on the value of the gold ring. In any event, a Motion for Return of Property does not give rise to a damages claim if the property was improperly disposed of. *See United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000). While the futility of having a hearing is apparently an irrelevant consideration for the District Court, *see Albinson, supra*, there is no reason the movant could not waive a hearing and allow the Court to decide the Motion on the papers submitted. If the Court does decide this part of the Motion on the papers submitted, the Court should conclude that the property was not seized, and deny the Motion. *See United States v. Sims*, 376 F.3d 705, 709 (7th Cir. 2004) (motion fails in absence of showing that the property was actually seized).

---

[3] If the Court does schedule a hearing, the United States would ask that it be scheduled with at least six weeks notice, since it may take four weeks simply to transport the movant from USP Lewisburg to a local facility where he would be held while the hearing was taking place.

### **What Should Happen to the $591?**

9. There is some question as to whether this is the right court for the movant to be pursuing his motion. The $591 is in the possession of the Dover Police Department, which is where it has been at almost all relevant times since the Defendant's arrest. The $591 was seized by Dover Police Officers, not federal agents. Thus, one possibility might be to deny the motion because the money was not seized by the United States. The Defendant could always pursue a lawsuit in state court, if he thought that was appropriate.[4]

10. If this Court finds that motion for return of the $591 is properly before this Court, then the United States would acknowledge that the Defendant has a lawful claim to the $591. The United States does not, however, believe that the Court should order the money to be returned to the Defendant. Motions under Rule 41(e) are equitable actions. *See United States v. Bein, supra,* 214 F.3d at 415 ("courts treat a motion pursuant to Rule 41(e) as a civil equitable action"); *United States v. Wright,* 361 F.3d 288, 290 (5th Cir. 2004) (noting that district court should determine whether doctrine of laches applied). The Defendant owes approximately $20,685 in child support arrears. See Exhibits E (letter of Delaware Deputy Attorney General Steven E. Moore) and F (certified statements of Defendant's arrears in two child support cases). The State of Delaware thus has a claim of ownership to this property that is adverse to that of the Defendant.[5] *See United States v. Mills,* 991 F.2d 609, 612-13 (9th Cir. 1993); *United States v. Omowunmi,* 2002 WL 1348232 (D.Del.

---

[4] As noted below, if this Court declined to act, the State of Delaware would likely seize the $591 and apply it to the Defendant's back child support obligations.

[5] Deputy Attorney General Moore advised the undersigned that it would take about three weeks to get a state court order directing the Dover Police Department to turn the money over to the Division of Child Support Enforcement. The undersigned advised the DAG that so long as the Motion for Return of Property was pending, the State should not take any action without the consent of this Court. Should this Court consent, the United States expects that the State would do as it represented it could do.

4

2002). The property is needed to partially satisfy the Defendant's obligations. Under the circumstances, the Court can, and should, order that the property be paid to the State of Delaware Division of Child Support Enforcement, P.O. Box 904, New Castle, DE 19702, where it would be credited to the Defendant's account. *See Omowunmi*, at *2 (citing *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990)).

WHEREFORE, unless the movant waives an evidentiary hearing, the United States requests that the Court schedule an evidentiary hearing, allowing at least six weeks of notice, since it will probably take four weeks to transport the Defendant to the hearing, or, if the movant waives an evidentiary hearing, then the United States requests that the Court deny the Motion for Return of Property, as neither the arresting officers nor the United States ever had the rent receipts, the car titles, or the gold ring, and direct that the Dover Police Department turn the $591 over to the Division of Child Support Enforcement, or in the alternative, deny the motion as to the $591, as the money is in the possession of the Dover Police Department rather than the United States.

COLM F. CONNOLLY
United States Attorney

By: *Richard G. Andrews*
Richard G. Andrews
Assistant United States Attorney
Nemours Building, #700
P.O. Box 2046
Wilmington, Delaware 19899-2046

Dated: February 28, 2006

5