IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 99-33-4-JJF |
| PARRIS WALL, | : |
| Defendant. | : |

Colm F. Connolly, Esquire, United States Attorney and Richard G. Andrews, Assistant United States Attorney of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.
Attorneys for Plaintiff.

Parris Wall, Pro Se Defendant.

**MEMORANDUM OPINION**

June 2, 2006
Wilmington, Delaware

*Joseph J. Farnan Jr.*
Farnan, District Judge.

Pending before the Court is a Motion For Return Of United States Currency And Miscellaneous Property Seized During Subsequent Arrest And Search Now Held In Violation Of Fed. R. Crim. P. Rule 41(g) (D.I. 307) filed by Defendant, Parris Wall. For the reasons discussed, the Motion will be granted.

## I. Background

On May 17, 1999, Defendant was arrested by law enforcement officers from the Dover Police Department pursuant to a federal warrant. Defendant was tried before a jury in this Court and convicted of conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846 and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The Court sentenced Defendant to 180 months imprisonment, and Defendant is currently serving his term of incarceration.

Defendant contends that, upon his arrest, law enforcement officers seized from him the following items: $590.00 in U.S. currency, a portfolio of car titles, rent receipts and one gold ring. The Government admits that law enforcement officers from the Dover Police Department seized $591.00 from Defendant, but denies that other property was taken from Defendant. In its Response to Defendant's Motion, the Government contends that an evidentiary hearing is not warranted with respect to the currency that was seized, because its location is known. However, the Government requests an evidentiary hearing on the remaining

1

property, unless Defendant waives his right to a hearing.

By Order dated April 6, 2006, the Court ordered Defendant to file a Reply to the Government's Response indicating whether he waived his right to a hearing. Defendant then filed a Reply stating that he "agree[s] to waive the evidentiary hearing and the request for the return of portfolio of car titles, rent receipts and one gold ring." (D.I. 318 at 2). However, Defendant reiterated his request to have the $591 returned to him. Accordingly, the Court will proceed with Defendant's Motion only as it applies to his request for return of the currency seized from him.

## II. DISCUSSION

When property is seized by the Government for use in a criminal investigation or trial, it must be returned to the party from whom it was seized upon the conclusion of the criminal proceedings, unless the property is contraband or subject to forfeiture. United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004). When a motion for return of seized property is filed, the person from whom the property is seized is presumed to have the right to its return. The burden rests on the Government to overcome this presumption by demonstrating that it has a legitimate right to retain the property. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). The Government cannot overcome this presumption by merely stating that it has destroyed the property or given it to a third party. If the

2

Government makes such an assertion, the Court must determine: (1) whether the Government, in fact, retains possession of the property, and (2) if the Government no longer possesses the property, what happened to it. <u>Albinson</u>, 356 F.3d at 281. An evidentiary hearing may be required to make these findings; however, it is not necessary if affidavits or other documentary evidence supports the Government's assertions. <u>Id.</u> at 281-282.

In this case, the Court concludes that an evidentiary hearing is not warranted, because sufficient documentary evidence has been provided by the Government for the Court to determine whether the Government retains possession of the property and where the property is located. In this case, the $591 seized from Defendant was seized by Dover Police in connection with a federal warrant. The money was then admitted into evidence at Defendant's trial in this Court. D.I. 310, Ex. A at 59. Following the trial, the Clerk of the Court released the money to the Dover Police Department where it currently remains in the evidence locker. <u>Id.</u> at Ex. B, C. The Court finds that the currency is evidence in this case, and therefore, it is under the constructive control of the federal Government with the Dover Police Department functioning as a temporary custodian for the evidence.

Having concluded that the that money is still in the constructive possession of the federal Government and evidence in this case, the Court must next consider whether the money is

3

contraband or subject to forfeiture such that the Government has overcome the presumption in favor of its return to Defendant. The Government makes no allegation that the money should be considered contraband and acknowledges that Defendant has a lawful claim to the money. However, the Government contends that the money should not be returned to Defendant, because Rule 41(g) actions are equitable in nature, and the State of Delaware has a claim against the money based on $20,685 in child support arrears owed by Defendant.

The State of Delaware has not intervened in this action and has not initiated any proceedings against the currency held by the Dover Police Department. The Government does not cite, and the Court cannot find, any case law demonstrating that the seized property should not be returned to Defendant in these circumstances. It appears to the Court that those cases in which federal courts have applied seized property to satisfy the debts of the person from whom the property was seized typically involve federal debts such as tax liens and restitution orders accompanying federal sentences. See e.g., United States v. Mills, 991 F.2d 609, 612-613 (9th Cir. 1993); United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990). In this case, there is no current lien against the property. In addition, the Court can find no case law indicating that a federal court should apply money in the constructive control of the federal Government to satisfy a state child support obligation. Accordingly, the Court

concludes that Defendant is entitled to the return of the property, and therefore, the Court will grant Defendant's Motion.

### III. CONCLUSION

For the reasons discussed, the Court will grant Defendant's Motion For Return Of United States Currency And Miscellaneous Property Seized During Subsequent Arrest And Search Now Held In Violation Of Fed. R. Crim. P. Rule 41(g).

An appropriate Order will be entered.

5