IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PARRIS WALLL,

    Petitioner.

v.

                                      Docket No.99-33-004

                                      (JJF)

UNITED STATES OF AMERICA,

    Respondent.

FILED
AUG 25 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND
28 U.S.C. 2255 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15-(a).

    COMES NOW, the Petitioner, Parris Wall, pro se, in the above matter, and hereby moves this Honorable Court to amend his 28 U.S.C. 2255 with the folling additional claim. The following is set forth:

    According to Rule 15(a), "leave shall be freely given when justice so requires." Fed.R.Civ.P.15(a) See, **Forman v.Davis, 371 U.S. 178,182(1962).**

    Here in the instant case, Petitioner submits that the " intrest of justice" requires[with the Court's permission] that he should be allowed to amend his 2255 petition with the additional claim.

2.

Petitioner submits that in light of United States v. Gonzalez, 420 F.3d 111 (2nd.Cir 2005, and United States v. Arias, 409 F.supp.2d. 281,294(S.D.N.Y. 2005,(citing Gonzalez, supra.)

## RELEVANT FACTS

Petitioner's indictment charges him with conspiring to knowingly distribute,and pssses with intent to distribute cocaine,and cocaine base,in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A),all in violation of 21 U.S.C. 846.

At the time of petitioner's trial it was well settled law of all circuits that both drug type and quanity were a sentencing factor,not an element of the offense to be proved by the prosecution beyond areasonable doubt.That is , as a matter of law,21 U.S.C. 841(A)(1) was considered a single offense accompanied by a congeries of sentencing factors,(i.e. 841 (b)(1)(A),(b)(1)(B),(b)(1)(C),and (b)(1)(D).

As stated above,the charging language of the indictment named two conspiratoril objectives,(**i.e.,cocaine,and cocaine base**), but was silent as to the actual type and quanity that was attributable to each defendant.This ambiguity was not cleared up when the jury returned it's general verdict as to the conspiracy count.

At sentencing,following a jury trial the Court found by a preponderance of the evidence that the total amount of controlled substance involved in the conspiracy was 567 grams of cocaine,and 2.93 grams of cocaine base.As a result petitioner was sentenced to 180 months,under a five year minimum mandtory term."(See Sentencing transcripts,June 21,2001 **EXHIBIT #1.**

4.

## Preliminary Statement

The instructions in this case allowed the jury to convict the Petitioner of conspiring, in violation of 21 U.S.C. 846, to distribute a controlled substance, in violation of 21 U.S.C 841(a). At the time of this conviction, case law clearly provided that a defendant could be found guilty of a generic violation of 841 (a). See, <u>United States v. Campuzano, 905 F.2d. 677(2nd Cir.1990)</u>. That was the only crime defined by statute, under the Court's interpretation. With this in mind, the District Court employed a "preponderance of the evidence standard"[mandated under the now excised 18 U.S.C. 3553(b)(1) to find the statut's prescribed drug type and quanity under 21 U.S.C. 841(b)(1)(A), which is treated as a felony,"punishable by a mandatory 10-year minimum to life maximum. But as o result of this erroneuos interpretation of 841(a) and the unconstitutional mandate of 3553(b)(1) Petitioner was erroneously convicted of an unproved Congressionally defined offense, that is 841(b)(1)(A).

**The Court's former interpretation of Title 21 U.S.C 841 as creating a single offense accompanied by a congeries of sentencing factors was erroneous.**

At the time of the Petitioner's trial, it was well settled law of all circuits that both drug type and quanity were "a sentencing factor,"not an element of the offense to be proved by the prosecution beyond a reasonable doubt. See, e.g., <u>United States v. Monk, 15 F.3d 25, 27(2nd Cir.1994)</u>; <u>United States v. Campuzano, 905 F.2d 677, 679 (2nd Cir.1990)</u>.

Both cases overuled by <u>United States v.Thomas,274 F.3d 655 (2nd Cir.2001)(en banc)</u> (drug quanity is an element in all prosecutions involving aggravated Section 841 offenses).In <u>United States v. Outen,286 F.3d 622,635(2nd Cir.2003)</u>,the Court reinterated <u>Thomas'</u> general statutory construction of 841, observing that drug quanity is properly construed as an element of offenses,defined,in part by Section 841(b)(1)(A) or(b)(1)(B) because under those statutes,quanity "may be used to impose a sentence above the statutory maximum for an indeterminate quanity of drugs."<u>Id. at 635</u>(quoting <u>Thomas,274 F.3d at 660,1/</u> and noting Section 841(a)  no longer presents the entire offense;one element of the crime(drug quanity) is found in Section 841(b).") <u>Outen,286 F.3d at 636.</u>

Recently,in <u>United States v. Gonzalez,420 F.3d 111(2nd Cir. 2005)</u>,the Court abandoned the above(prior) statutory construction of 21 U.S.C. 841 altogether,holding,"[T]he drug quanities specified in 841(b) are elements that must be pleaded and proved to a jury or admitted by a defendant to support any conviction on  an aggravated drug offense,not simply those resulting in sentencing that exceed the maximum otherwise applicable."<u>Id at 133-34.</u> A court  may not sensibly construs a statute so that the same fact affecting sentences operates as an element and as a sentencing factor.<u>Id. at 122n.8.</u>See also,<u>United States v. Vazquez,271 F.3d 113(3rd.Cir.2001)(en banc)</u>(Becker,J., concurring. ("It stains credulity...to assert that Congress intended for [drug] type and quanity to be treated as sentencing factors in

6.

some cases,and elements in others.I know of no statute written in such a manner,nor am I aware of any statutes construed this way.") Id. at 135.

Reconstructing the penalty provisions of Section 841(b), the Court stated in **Gonzalez**: "Government cannot manipulate sentencing scheme set forth in statute governing drug distribution offenses to create a link that otherwise does not exist between mandatory minimums established in one subsection and maximum identified in another;statute does not allow drug quanity to be used as a sentencing factor for purposes of determining applicable minimum sentence,but as an element for purposes of determining applicable maximum.

---

1/The narrow application of **Thomas**,did not survive the Supreme Court's decision in **United States v.Booker**,125 S.Ct.738(2005), because the **Thomas** court partially retreated from the statutory construction of 841,by deciding the case on constitutional grounds rather than statutory grounds.

7.

**Gonzalez**, 420 F.3d at 121-122. Under this new statutory construction of § 841, the **Gonzalez** Court held "a defendant cannot be convicted of, and is not subject to a mandatory minimum sentence pursuant to Section 841(b)(1)(A) or (b)(1)(B), unless the statute's prescribed drug quantity is proved beyond a reasonable doubt to a jury or admitted by the defendant." **Id**. at 120.

"A detailed study of the statute's drafting history, however, compels the conclusions that (1) this Circuit's former interpretation of § 841 as creating a single offense accompanied by a congeries of sentencing factors was erroneous; (2) this Circuit's conclusion in **Gonzalez** that drug quantity must be treated as an offense element is correct not merely as a matter of constitutional law but as a matter of statutory interpretation; and (3) the same result must be obtained with respect to drug type." See, **United States v. Arias**, 409 F.Supp.2d 281, 294 (S.D.N.Y. 2005), (citing, **Gonzalez, supra**.).

### Due Process

On a proper understanding, both drug type and drug quantity are elements of the various separate and distinct offenses created by § 841, in virtually all such cases, a jury must decide which degree of crime was committed, and must find drug type and quantity elements beyond a reasonable doubt. **In re Winship**, 397 U.S. 358 (1970); **Jackson v. Virginia**, 443 U.S. 307 (1979); see also, **Arias, supra.**, (holding, "at trial the prosecution would bear the burden of proving the nature of the drug and the threshold amounts of drugs;" and "a valid conviction cannot be entered to a generalized offense of distributing a controlled substance in some amount in violation of § 841(a)(1)") **Id**. at 303. (As in this case).

Because **Gonzalez** and **Arias** is an authoritative statement of what the

8

statute meant before as well as after [it's holding], Petitioner is entitled to benefit from the **Gonzalez** and **Arias** interpretation of 21 U.S.C. § 841. See, **Rivers v. Roadway Express, Inc.**, 511 U.S. 218, 312-13 (1994) ("A judicial construction of a statute is an authorative statement of what the statute meant before as well as after the decision giving rise to that construction") Id. Thus, retroactivity is not an issue here. See, **Fiore v. White**, 531 U.S. 225, 226 (2001) (The court's interpretation of the statute furnished the proper statement of law at the date that the accused's conviction became final; the accused's case presented no issue as to retroactivity) **Id.** at 228.

## II. A Conviction Explicitly Based Upon A Non-Existent Statutory Provision, Constitutes A Non-Existent Verdict, Because of The Unlawful Method By Which It Was Selected

This case presents an irreconcilable conflict between unconstitutional [sentence] mandated by Title 18 U.S.C. § 3553(b)(1) versus the "offense of conviction" provided under the governing law pursuant to Title 21 U.S.C. § 841.

The instant matter is based on the previously unavailable statutory interpretation of § 841 and the now-excised § 3553(b)(1), which compels that Petitioner was convicted of a Congressionally defined crime that was never proven beyond a reasonable doubt by a jury.

Pursuant to The Sentencing Reform Act of 1984, "after a conviction, § 3553(b) mandated application of the Guidelines. This was the law at the time of Petitioner's conviction. But recently, the Supreme Court excised in part § 3553(b), holding that the provision under subsection 3553(b)(1) was incompatible with the Federal Constitution because it required mandatory application of the Guidelines in violation of the Sixth Amendment. See, **United States v. Booker**, 125 S.Ct. 738 (2005).

9

Under the statutory scheme of Title 21 U.S.C. § 841(a)(1), it is unlawful for any one to possess with intent to distribute a controlled substance. Any one who engages in such conduct proscribed by § 841(a), or who conspires to do so, see **Id.** § 846, is subject to penalties detailed in the lettered subsection of § 841(b).

Section 841(b) is a graduated sentencing scheme in which life imprisonment constitutes the maximum penalty. The sentences set forth in § 841(b) form an integrated sanction for a single § 841(a) offense. As the drug quantity rises, so too must the sanction until it reaches the maximum penalty of life imprisonment. That is, Congress enumerated numerous potential penalties for violating § 841(a), depending upon the drug identity and quantity. For example, using cocaine base, § 841(a) is the basic offense punishable under § 841(b)(1)(C) for unspecified amount of cocaine base up to 5 grams, a sentence under this section is a zero minimum to a 20 year maximum imprisonment term. The next most serious offense is § 841(b)(1)(B), when the amount exceeds 5 grams but is less than 50 grams, a sentence under this section is a mandatory 5-year minimum to a 40-year maximum imprisonment term. The most serious section offense is under § 841(b)(1)(A), when the amount of cocaine base exceeds 50 grams, a sentence under this section is a mandatory 10-year minimum to a life imprisonment term.

Under the law at the time of Petitioner's conviction the above stated statutory scheme was interpreted as a single offense. But recently the Court in **Gonzalez**, the Court held that the Government cannot manipulate sentencing scheme set forth in statute governing distribution offense[s] to create a link that otherwise does not exist between mandatory minimum established in one subsection and maximum sentence identified in another. **Gonzalez**, **supra**., at 121-123.

10

With this in mind, under the law at the time of Petitioner's conviction, also (pursuant to 18 U.S.C. § 3553(b)(1)), if an indictment alleged no quantity and/or if the jury was not instructed to find any quantity, under the mandatory Guideline's system, The United States Sentencing Commission, unconstitutionally with Congress' approval, allowed the sentencing court to pick the offense of conviction. See, e.g., U.S.S.G. § 2D1.1, Commentary Note 12, which states in pertinent part:

> "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, **the court shall approximate the quantity of the controlled substance.**"

**Id.**

Concisely put, there was not a jury's verdict in this case to support the offense of conviction. [i.e., § 841(b)(1)(A)]. See generally, **Sullivan v. Louisiana, 508 U.S. 275 (1993)** ("Under the Federal Constitution's Sixth Amendment guarantee to an accused of the right to a jury trial in a criminal prosecution, although a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the [government], no matter how overwhelming the evidence").

The case of **Arias, supra.,** has a analogous legal pattern to the instant case. **Arias** pled guilty to conspiring to violate 21 U.S.C. § 841(b)(1)(A), which provides for a mandatory minimum sentence of 10-years and a potential maximum of life. However, his plea failed to acknowledge that he distributed the amount charged, or to identify the particular controlled substance. (Here, the jury's verdict failed to reflect the same). Given this fact, **Arias** insisted that he had been validly convicted of a crime, but could not be subject to more than a five year maximum sentence under § 841(b)(1)(D). **Id.** at

289. On the otherhand, the Government vigorously insisted that <u>Arias</u> was still presumed innocent. <u>Id</u>. at 292. The court agreed, holding, "The record contained no basis for a conviction under § 841(b)(1)(A)." <u>Id</u>. at 305-06.

### Impact of Misinterpretation of Statute

The error at issue in this case is the lack of congruence or consistency between, on the one hand, the crime as charged in the indictment and found by the jury and on the other, the crime for which the defendant was sentenced. It is thus possible to view the consequences of this error in many ways: Either the defendant was improperly sentenced to a greater penalty than the one authorized by Congress for the crime of which he was justly convicted, <u>Cf</u>., <u>United States v. Promise</u>, 255 F.3d 150, 160 (4th Cir. 2001) (en banc) (holding, at the Government's urging, that a similar error was an error in sentencing); or the defendant was improperly convicted, because the crime of conviction was not fully alleged in the indictment and found by the jury, <u>Cf</u>., <u>United States v. Cordoba-Murgas</u>, 422 F.3d 65, 70 (2nd Cir. 2005) ("There is a valid indictment, but there is **no** valid indictment for the crime for which <u>Cordoba</u> was convicted"); [here] there is no jury's verdict to support the conviction. See, <u>Arias</u>, 409 F.Supp.2d at 303 ("a valid [conviction] cannot be entered to a generalized offense of distributing a controlled substance in some amount in violation of § 841(a)"). That is, because drug type and quantity must be treated as offense elements they cannot be omitted from the jury's verdict. If so, the jury has not found any fact indicating a defendant's guilt, but has rather found a legal conclusion. "Without a statement as to what the substance was, the Court cannot determine that the defendant, in fact, violated the law at all" <u>Id</u>. at 304; and the district court's decision to use the "preponderance-of-the

evidence standard" to determine drug type and quantity rather than a more exacting standard would have the natural and probable effect of discouraging defense counsel from vigorously contesting the necessary elements. The error might have discouraged Trial Counsel from vigorously cross-examining the Government's witnesses at trial regarding these elements. The error, therefore, "seriously affected" the fairness of the proceedings because it deprived Petitioner of the opportunity to raise a reasonable doubt as to an issue - drug type and quantity - which his plea of not guilty before the district court demonstrates that he was prepared to contest.

Furthermore and finally, the misinterpretation of the statute also has a severe impact on conviction(s) and enhanced sentence(s) under 21 U.S.C. §§ 848 and 851. That is, any person who engages in a Continuing Criminal Enterprise will be sentenced to a mandatory life imprisonment if the conspiracy involved at least 300 times the quantity of controlled substance in 21 U.S.C. § 841(b)(1)(B). **Cf. 21 U.S.C. § 848(b)(2)(A) or § 2D1.5(a)(1)**, see also, **United States v. Martinez-Rios**, 143 F.3d 662, 675-76 (2d Cir. 1998) (holding, that an arithmatical error that increased a defendant's base offense level pursuant to the Sentencing Guidelines affected his substantial rights); or a person sentenced to a mandatory life under 18 U.S.C. § 3559(c)(1) [§ 851], must have been convicted of one or more serious violent felon[ies] or serious drug [trafficking] offense. The term "serious drug offense" means, an offense as defined in 21 U.S.C. § 841(b)(1)(A). See 18 U.S.C. § 3559(c)(1)(H). Thus, Petitioner contends that these mandatory sentences cannot apply under the misinterpretation of the statute, which compels that his indictment was constructively amended and/or the jury never returned a verdict for a serious drug offense.

13

Thus, at the time of the Petitioner's trial when he was advised by the officer[s] of the court and when the jury was instructed by the judge that drug type and quanity was not an element and unnecessary to support a conviction under 21 U.S.C. 841(b)(1)(A), they received critacally incorrect advice. The fact that all of the advisors (i.e., the lawyers, the prosecutor, and the judge) acted in good faith reliance on existing precedent does not mitigate the damage of the erroneous advice and/or misinterpretation of the statute. It's consequences for Petitioner were just as severe, and just as unfair as if the officers of the court had knowingly conspired to convict him of a crime that he did not commit. **Bousley v. United States, 523 U.S. 614, 626 (1998).**

### Conclusion

WHEREFORE, for the foregoing reasons This Honorable Court should allow the admendment of this additional claim in the "intrest of justice". Petitioner contends that there is no bad faith on part of the Petitioner such as undue delay or any dilatory motive. See **Fomam v. Davis, supra.**

Dated: 8/23/06                    RESPECTFULLY SUBMITTED,

[Stamp: HOUSER. PAROLE OFFICER AUTHORIZED BY ACT OF JULY 1955. TO ADMINISTER OATHS (18 U.S.C. 4004)]

_____
Parris Wall, pro-se

# CERTIFICATE OF SERVICE

I, __Parris Wall__, hereby certify that I have served a true and correct copy of the foregoing:

Motion to amend pursuant to F.R.C.P 15(a), and memorandum of law, with a copy of exibits 1.) sentencing transcripts, and 2.) jury instructions, and 3.) indictment. and 4.) verdict.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Richard G. Andrews, Esq.
Office of the United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __23rd__ day of __August__, __2006__

Respectfully Submitted,

_/s/ Parris Wall_

REG. NO. __04172-015__

_/s/ M. Houser 8-23-06_
HOUSER, PAROLE OFFICER
AUTHORIZED BY ACT OF JULY
1955, TO ADMINISTER OATHS
(18 U.S.C. 4004)







UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
c/o Clerk of the Court
J. Caleb Boggs Federal Bldg.
Lockbox # 18
844 N. King Street
Wilmington, DE 19801



Inmate Name: PARRIS WALL
Register Number: 04172-015
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837



PRIORITY MAIL
LABEL 107, JUNE 2000
UNITED STATES POSTAL SERVICE
www.usps.com