## Relevant Exhibits in Pertinent Part.

Ex.# 1.    Sentencing transcript page 11.

Ex.# 2.    Petitioner's Indictment

Ex.# 3.    Jury instructions G-87,88,89,90,91,and 97

Ex.# 4.    Transcript of jury verdict.

1          Upon release from imprisonment, the defendant
2  shall be placed on supervised release for a term of three
3  years.  This term consists of three years on Count one an
4  three years on Count seven.  All such terms to run
5  concurrently.
6          Within 72 hours of release from the custody of
7  the Bureau of Prisons, the defendant shall report in person
8  to the Probation Office in the district to which the
9  defendant is released.
10         Is that a correct or incorrect correction?
11         MR. ANDREWS:  Your Honor, you said a term of 262
12 months.  I think you meant a term of 180 months.  That was
13 the term that you gave Mr. Wall the last time.
14         THE COURT:  We don't want to add that many more
15 months, do we, Mr. Wall?
16         Okay.  Let me start again then, Mr. Wall.  That
17 would have been a bad trip if it was 262.
18         Pursuant to the Sentencing Reform Act of 1984, it
19 is the judgment of the Court that the defendant is hereby
20 committed to the custody of the Bureau of Prisons to be
21 imprisoned for a term of 180 months.  Of this term, five
22 years is to be served as a minimum mandatory term.  This term
23 in custody is ordered due to the dangerousness of the
24 defendant and the risk of recidivism.
25         Upon release from the Bureau of Prisons, the

EXHIBIT # 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. ) Criminal Action No. 99-33
)
JOSEPH SCOTT, )
LEROY COLEY, )
DEANNE CARTY, )
PARRIS WALL, a/k/a Petey, and )
AARON COLLINS, a/k/a Ernie, )
)
    Defendants. )

## INDICTMENT

The Grand Jury for the District of Delaware charges that:

### Count I

On or about mid-November, 1998, and continuing up to the date of this Indictment, in Kent County, in the State and District of Delaware, and elsewhere, including New York, Joseph Scott, Leroy Coley, Deanne Carty, Parris Wall, a/k/a Petey, and Aaron Collins, a/k/a Ernie, defendants herein, did knowingly conspire and agree with other unindicted coconspirators known and unknown to the grand jury to commit the following offense against the United States: to knowingly distribute, and possess with intent to distribute, cocaine and cocaine base a/k/a crack, a Schedule II, non-narcotic controlled substance, in violation of 21 U.S.C. §841(a)(1) & (b)(1)(A), all in violation of 21 U.S.C. §846.

### Count II

On or about February 9, 1999, in the District of Delaware, Joseph Scott, defendant herein, did knowingly aid and abet other individuals in possessing with the intent to distribute a substance

EXHIBIT # 2

a schedule II narcotic controlled substance, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) and 18 U.S.C. §2.

*[handwritten: ".37    Not guilty"]*

### Count VIII

On or about May 3, 1999, in the District of Delaware, Aaron Collins a/k/a Ernie, defendant herein, did knowingly distribute a substance containing a detectable amount of cocaine base a/k/a crack, a schedule II narcotic controlled substance, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C).

### Count IX

On or about May 10, 1999, in the District of Delaware, Aaron Collins a/k/a Ernie, defendant herein, did knowingly distribute a substance containing a detectable amount of cocaine base a/k/a crack, a schedule II narcotic controlled substance, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C).

A TRUE BILL:

_____
Foreman

CARL SCHNEE
United States Attorney

By: _____
Richard G. Andrews
First Assistant U.S. Attorney

Dated: May 11, 1999

3

1  a separate verdict for each one of them. For each one, you
2  must decide whether the Government has presented proof beyond
3  a reasonable doubt that a particular defendant is guilty of a
4  particular charge.
5      Your decision on any one defendant or one charge,
6  whether it is guilty or not guilty, should not influence your
7  decision on any of the other defendants or charges.
8      Page 11. In Count 1 of the Indictment, all three
9  defendants are charged with conspiracy to distribute and to
10 possess with intent to distribute cocaine and cocaine base,
11 also known as crack cocaine.
12     Page 12. Three essential elements must be proved
13 in order to establish the conspiracy charged in Count 1 of
14 the Indictment. Each of the following elements must be
15 proved by the Government beyond a reasonable doubt:
16     First: That the defendant conspired to commit an
17 act in violation of a specific United States statute, namely,
18 knowingly distributing or possessing with intent to
19 distribute cocaine and cocaine base.
20     Second: That the conspiracy charged was existing
21 on or about the time alleged in the Indictment.
22     Three: That the defendant knowingly became a
23 member of the conspiracy.
24     If you should find from the evidence in this case
25 that each of these elements has been proven by the Government

EXHIBIT # 3

G-88

1   beyond a reasonable doubt, then proof of the conspiracy
2   offense is complete and the Government need not prove that
3   the offense which was the object of the conspiracy was even
4   consummated or accomplished.
5           Page 13.  The first element of the conspiracy
6   offense in Count 1 requires you to find that a conspiracy
7   existed.  You are instructed that a conspiracy is simply a
8   combination or agreement between two or more persons to join
9   together to accomplish some unlawful purpose.  It is a kind
10  of partnership in a criminal purpose.  The gist of the
11  offense is a combination or agreement to attempt to disobey
12  or disregard the law.
13  ─────→  Mere similarity of conduct among various persons,
14  and the fact that they may be associated with each other and
15  may have assembled together and discussed common crimes and
16  purposes does not necessarily establish the existence of a
17  conspiracy on the basis of mere association with others.
18  Rather, an agreement must be shown.
19          An agreement is the key element of a conspiracy.
20  The evidence in the case need not show that the members
21  entered into any express or formal agreement or that they
22  directly, by words spoken or in writing, stated between
23  themselves what their object or purpose was to be, or the
24  details thereof, or the means by which the object or purpose
25  was to be accomplished.  But it is necessary to establish

1  that the members in some way or manner expressly or tacitly
2  came to a mutual understanding that they would attempt to
3  accomplish the alleged common and unlawful plan.
4       As to the second element, you should note that
5  Count 1 charges the crime was committed between mid-November
6  1998 and May 11, 1999.  It is sufficient if the evidence in
7  the case establishes beyond a reasonable doubt that the
8  offense of conspiracy was committed at some time reasonably
9  close to the dates alleged in the Indictment.
10      Now, with respect to the third element -- that
11 the accused must have knowingly become a member of the
12 conspiracy -- just as mere association is not alone enough to
13 establish membership in a conspiracy, so also mere knowledge
14 that others are conspiring to an unlawful end does not alone
15 establish membership.  Evidence of such association with
16 others or knowledge of their intent may be considered by you
17 as relevant evidence but the main question is whether the
18 defendant knowingly agreed to participate in the effort to
19 accomplish the objective of the conspiracy.  If the only
20 agreement is for a seller to sell and a buyer to buy an
21 amount of cocaine or cocaine base, then no conspiracy
22 between that buyer and that seller exists.  However, even
23 an occasional buyer can be shown to be a member of the
24 conspiracy by evidence, direct or indirect, of knowledge that
25 he was part of a larger operation.

1           To act or agree knowingly means to act or agree
2   voluntarily and intentionally, and with intent to do
3   something the law forbids, that is to say, to act or agree
4   with the purpose to distribute and to possess with intent to
5   distribute cocaine. So if a defendant, or any other person,
6   with an understanding of the unlawful character of a plan or
7   scheme, knowingly encourages, advises or assists in that
8   plan, for the purpose of furthering the undertaking or
9   scheme, he thereby becomes a knowing participant or
10  conspirator.
11          Page 15. As I just mentioned, Count 1 of the
12  Indictment accuses the defendants of committing the crime of
13  conspiracy.
14          There are two ways also that the Government can
15  prove the defendants guilty of this crime. The first is by
16  convincing you that they personally committed or participated
17  in this crime. The second is based on the legal rule that
18  all members of a conspiracy are responsible for acts
19  committed by the other members, as long as those acts are
20  committed to help advance the conspiracy, and are within the
21  reasonably foreseeable scope of the agreement.
22          In other words, under certain circumstances, the
23  act of one conspirator may be treated as the act of all.
24  This means that all the conspirators may be convicted of a
25  crime committed by only one of them, even though they did not

1  all personally participate in that crime themselves.
2          But for you to find any one of the defendants
3  guilty of conspiracy based on this legal rule, you must be
4  convinced that Government has proved each and every one of
5  the following elements beyond a reasonable doubt:
6          First:  That the defendant was a member of the
7  conspiracy charged in Count 1 of the Indictment.
8          Second:  That after he joined the conspiracy and
9  while he was still a member of it, one or more of the other
10 members conspired to knowingly distribute or possess with
11 intent to distribute cocaine and cocaine base.
12         Third:  That this crime was committed to help
13 advance the conspiracy.
14         And, fourth:  That this crime was within the
15 reasonably foreseeable scope of the unlawful project.  The
16 crime must have been one that the defendant could have
17 reasonably anticipated as a necessary or natural consequence
18 of the agreement.
19         This does not require proof that each defendant
20 specifically agreed or knew that the crime would be
21 committed.  But the Government must prove that the crime was
22 within the reasonable contemplation of the persons who
23 participated in the conspiracy.  No defendant is responsible
24 for the acts of others that go beyond the fair scope of the
25 agreement as the defendant understood it.

1   proved all of these elements, say so by returning a guilty
2   verdict on this charge. If you have a reasonable doubt about
3   any one of these elements, then you cannot find the defendant
4   Scott guilty of Possession With Intent to Distribute Cocaine
5   as an aider and abettor.
6        Count 4 charges Joseph Scott and Counts 6 and 7
7   charges Parris Wall with the distribution of cocaine base,
8   also known as crack cocaine on specific occasions.
9        The essential elements of the offense of
10  distribution of cocaine base, each of which the Government
11  must prove beyond a reasonable doubt, are:
12       First: that the defendant distributed cocaine
13  base on or about the date alleged in the Indictment; and
14       Second: that the defendant did so knowingly.
15       Page 28. An act is done "knowingly" if done
16  voluntarily and intentionally and not because of mistake or
17  accidents or other innocent reason.
18       The purpose of adding the word "knowingly" is to
19  insure that no one will be convicted for an act done because
20  of mistake, or accident, or other reason.
21       Page 29. That concludes the part of my
22  instructions explaining the elements of the crimes charged.
23  Next, I will explain some rules that you must use in
24  considering some of the testimony and evidence.
25       Page 30. A defendant has an absolute right not

J-4

```
 1  the defendant?
 2           THE FOREPERSON:  Guilty.
 3           THE DEPUTY CLERK:  As to Count V, charging
 4  the defendant Joseph Scott with Possession with Intent to
 5  Distribute on April 23rd, 1999, how does the jury find the
 6  defendant?
 7           THE FOREPERSON:  Not guilty.
 8           THE DEPUTY CLERK:  As to the lesser included
 9  offense of Possession charged in Count V, how does the jury
10  find the defendant Joseph Scott?
11           THE FOREPERSON:  Not guilty.
12           THE DEPUTY CLERK:  As to Count VI, charging the
13  defendant Parris Wall with distribution on January 28th,
14  1999, how does the jury find the defendant?
15           THE FOREPERSON:  Not guilty.
16           THE DEPUTY CLERK:  As to Count VII, charging the
17  defendant Parris Wall with Distribution on February 7th,
18  1999, how does of the jury find the defendant?
19           THE FOREPERSON:  Guilty.
20           THE COURT:  All right.  Are there any
21  applications on behalf of defendants?
22           MR. MALIK:  May we poll the jury?
23           MR. HALEY:  Yes, your Honor.
24           THE COURT:  All right.  The defendants request
25  the jury be polled.  I ask the clerk to poll the individual
```

EXHIBIT # 4