PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 04-2280, 05-2019
_____

UNITED STATES OF AMERICA
v.
PARRIS WALL, JR. a/k/a PETEY

Parris Wall, Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 99-cr-00033-4)
District Judge: The Honorable Joseph J. Farnan, Jr.
_____

ARGUED APRIL 26, 2006

BEFORE: SCIRICA, Chief Judge, and
NYGAARD, Circuit Judge., and YOHN,[*] District Judge.

(Filed: August 8, 2006)

---

[*]Honorable William H. Yohn, Jr., Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

_____

David R. Fine, Esq.(Argued)
Kirkpatrick & Lockhart
Nicholson Graham
17 North Second Street, 18th Floor
Harrisburg, PA 17101
    Counsel for Appellant

Richard G. Andrews, Esq.(Argued)
Office of the United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899
    Counsel for Appellee

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

    This appeal presents a question of appellate procedure. Specifically, it implicates our practice of permitting petitions for rehearing en banc to be filed "out of time" and recalling our mandate so that these petitions may be considered by the full court. The issues here can be reduced to this inquiry: Does an

2

untimely petition for rehearing en banc become timely when we permit its filing "out of time," thus starting the clock anew for habeas petitions? We conclude that it does, and hence, will reverse the District Court.

I.

Appellant Parris Wall was convicted of various drug offenses in the United States District Court for the District of Delaware. He was originally sentenced to 180 months' imprisonment and five years of supervised release. On direct appeal, we affirmed his conviction, but vacated the term of supervised release and remanded for re-sentencing. On June 21, 2001, the District Court re-sentenced Wall to three years' supervised release. Wall appealed again. The Government filed a Motion for Summary Affirmance which we granted on September 27, 2001. The Clerk of Court issued our mandate in the case on October 19, 2001. On December 15, 2001, before

expiration of the ninety-day time period to file a petition for certiorari, Wall filed a document entitled "Motion for rehearing en banc or consideration of direct review" which our clerk's office appropriately construed as a motion for leave to file a petition for rehearing out of time.

On April 1, 2002, our late colleague, Judge Carol Mansmann granted the motion to file a petition for rehearing out of time and ordered that the petition be circulated to the full court. This was in full accord with our common practice of showing leniency to an aggrieved party who wants the full court to rethink a panel's order and who files a petition within a reasonable time.[1] On April 3, 2002, the Clerk's Office issued an order recalling our mandate of October 19, 2001. On April

---

[1] We generally consider a motion to file a petition for rehearing "out of time" reasonable when the request is made within the ninety day period for filing a petition for writ of certiorari. Likewise, we generally consider a delay unreasonable when the motion is made after the ninety-day period has expired.

4

22, 2002, the Petition for Rehearing was denied. On July 1, 2002, Wall filed a petition for writ of habeas corpus in the District Court. After receiving notice required by *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), Wall withdrew his petition.

On January 15, 2003, Wall filed a second § 2255 petition. The Government argued that this petition was untimely. The District Court agreed and dismissed it.

## II.

In determining that Wall's petition for habeas corpus relief was untimely, the District Court correctly noted that § 2255 requires petitions to be filed within one year after the date on which the direct appeal from the criminal conviction becomes final. The District Court reasoned that Wall's petition for rehearing was not timely when originally filed and opined that the ninety-day period in which he could seek certiorari

began on September 27, 2001, the date we summarily affirmed his conviction and re-calculated sentence. Using this date as a beginning reference, the District Court concluded that Wall was required to have his habeas petition filed no later than December 26, 2002. Hence, it dismissed his habeas petition, which was filed on January 15, 2003.[2]

---

[2.] When the District Court dismissed Wall's habeas petition, it noted that we granted a certificate of appealability in *United States v. Bendolph*. The District Court noted that:
> Although Bendolph involved circumstances in which the Court *sua sponte* raised the limitations period, the Third Circuit has granted a certificate of appealability to consider the issue of whether, assuming the court had the authority to sua sponte raise the limitations period, the defendant's § 2255 motion should have been deemed timely in light of the Supreme Court having accepted for filing his untimely petition for certiorari review. Although the circumstances in *Bendolph* are not identical to the circumstances in this case, the court believes they are sufficiently analogous to justify the granting of a certificate of appealability. Accordingly, the court will grant defendant a certificate of appealability so that he
> (continued...)

III.

It is not disputed that following the normal course of events, Wall's petition for rehearing en banc was filed out of time. Fed. R. App. P. 40(1) provides that petitions for rehearing in civil cases where the United States is a party (as here) must be filed within 45 days after the entry of judgment. We entered judgment in his case on September 27, 2001 and he filed a petition for rehearing on December 15, 2001 – clearly longer than forty-five days. Nonetheless, as is our traditional practice, we deemed his petition as a "motion to file petition for rehearing out of time," and granted it. As noted, the petition for rehearing was denied on April 22, 2002.

---

[2.](...continued)
   may pursue this issue before the Third Circuit.

The opinion in *Bendolph* did not address the issue that caused the District Court in this case to grant a certificate of appealability. *See United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir.2005) (en banc).

28 U.S.C. § 2255 requires that habeas petitions be filed within one year after a judgment becomes final. Wall argues that his appeal was not final until ninety days after we denied his petition for rehearing, making his appeal final on July 21, 2002. He argues that since his habeas petition was filed on January 15, 2003, he is well within the one-year statute of limitations. We agree.

The Supreme Court's precedent is clear with respect to certiorari petitions — the filing of a petition for rehearing stops the ninety-day clock. Here, however, Wall did not file a petition for writ of certiorari, but instead filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Because the procedural posture here with respect to habeas petitions is not materially different from petitions for writs of certiorari, a look at Supreme Court practice with respect to timeliness, finality, and tolling in that context is instructive.

Supreme Court Rule 13.3 requires that a petition seeking a writ of certiorari must be filed within ninety days of the "denial of a timely petition for rehearing." If a defendant does not file a petition for writ of certiorari, the one-year habeas clock begins to run ninety days after the court of appeals denies a petition for rehearing.

Supreme Court Rule 13.3 provides that:

> The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But, if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.[3]

---

[3.] The Supreme Court revised this rule, effective May 2, 2005. As it now reads, the rule indicates that:

(continued...)

9

In *Hibbs v. Winn*, the Supreme Court further clarified this rule by commenting that:

> A timely rehearing petition, a court's appropriate decision to entertain an untimely rehearing petition, and a petition filed at the court's direction, on its own initiative, . . . share this key characteristic: all three raise the question whether

---

3. (...continued)
The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, **or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing**, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

(emphasis added). This most recent revision to the rule only reenforces our conclusion that an untimely petition for rehearing becomes timely when we permit its filing and consideration. Neither *Hibbs v. Winn* 542 U.S. 88, 124 S.Ct. 2276, 2284 (2004) nor Rule 13.3 discuss when it is appropriate to consider an untimely petition for rehearing.

10

> the court will modify the judgment and alter the parties' rights.

542 U.S. 88, 96, 124 S. Ct. 2276, 2284 (2004) *citing Missouri v. Jenkins*, 495 U.S. 33, 46, 110 S. Ct. 1651, 1664 (1990) ("A timely petition for rehearing operates to suspend the finality of the court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties.").[4]

The Supreme Court has also indicated that, even though a petition for rehearing was filed late, if a court of appeals grants permission to file, it becomes timely and the ninety-day clock for filing petitions for writs of certiorari is reset. *See Young v. Harper*, 520 U.S. 143, 117 S.Ct. 1148, 1151 (1997) (Although petition for rehearing was filed two days late, the Court of

---

[4] The District Court did not have the benefit of the clarification of Rule 13.3 or the Court's decision in *Hibbs* when it issued its decision in this case.

Appeals for the Tenth Circuit granted the petitioners leave to file a late petition for rehearing and suggestion for rehearing en banc as it had authority to do. See Fed. R. App. P. 40(a). Thus the Court tolled the running of the ninety-day period for filing a petition for writ of certiorari.).

As the Supreme Court has further instructed, "it has been the consistent practice of the Court to treat petitions for rehearing timely presented to the Court of Appeals as tolling the start of the period in which a petition for certiorari must be sought until rehearing is denied or a new judgment is entered on rehearing." *Jenkins*, 495 U.S. at 43, 110 S.Ct. at 1660.[5] Simply stated, while a petition for rehearing is pending there always

---

[5] However, the Supreme Court has held that it is inappropriate to hear an untimely petition for the purpose of resetting the clock to file for a writ of certiorari, *Missouri v. Jenkins*, 495 U.S. at 46, or to evade the requirements of 28 U.S.C. § 2244 for second or successive petitions. *See Calderon v. Thompson*, 523 U.S. 538, 118 S. Ct. 1489 (1998).

exists the possibility that it will be granted, and there is no final judgment to review.

Wall's procedural position before us is not different. Here too, once we granted permission for Wall to file his petition for rehearing late, it became timely. Once we gave him permission to file his petition out of time and he filed it, our judgment could not be considered final until we denied his petition. While his petition for rehearing was pending, there was no judgment to be challenged either in the Supreme Court by a petition for a writ of Certiorari, or in an inferior court by habeas review. Our judgment in Wall's appeal was not final until ninety days after we denied his petition for rehearing. We hold that when we grant permission for an aggrieved party to file a petition for rehearing out-of-time, the one-year calendar for filing §2255 petitions starts anew ninety days after the order denying the petition is filed. Because Wall's petition was

13

timely, we will reverse and remand the cause to the District Court with instructions to reinstate his petition, and to review it on the merits.