IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,                )
                                          )
            Plaintiff/Respondent,         )
                                          )        Crim. Action No. 99-33-JJF
            v.                            )
                                          )        Civil Action No. 03-148-JJF
PARRIS WALL,                              )
                                          )
            Defendant/Petitioner.         )

## GOVERNMENT'S RESPONSE TO
## MOTION REQUESTING LEAVE TO AMEND

The Court on October 13, 2006, directed the United States to respond to the Defendant's

Motion Requesting Leave to Amend (D.I. 326). The United States opposes the request for leave to

amend. Should leave to amend be granted, the United States also opposes the additional claim(s)

on the merits.

**Relevant Procedural History**

1.      The Defendant and four others were charged in a multiple count indictment, returned

May 11, 1999. (D.I. 2). The Defendant (and the other four co-defendants) were charged in Count

One with conspiracy to distribute cocaine and crack cocaine during a six-month period. In Counts

Six and Seven, the Defendant was charged by himself with distribution of cocaine base (*i.e.*, crack

cocaine) on January 28, 1999, and on February 10, 1999. A ten-day jury trial was held in September

and October 1999, the Defendant and two others going to trial. The Defendant was convicted of

Count One and Count Seven only. The Defendant was sentenced on February 3, 2000, to 180

months imprisonment. (D.I. 139). He filed an appeal. (D.I. 140). The Defendant raised numerous issues in the appeal.[1] The Third Circuit rejected all the arguments, remanding only for resentencing on the length of the supervised release term. (D.I. 172). The Defendant was duly resentenced to 180 months imprisonment on June 21, 2001. (D.I. 180). He filed another notice of appeal. (D.I. 183). The conviction was summarily affirmed on the second appeal. (D.I. 190).[2]

2.    The Defendant filed a section 2255 petition on or about July 1, 2002. (D.I. 195). The Defendant, however, elected to withdraw that petition, and it was dismissed by the Court on September 20, 2002. (D.I. 200). The Defendant had elected to withdraw the petition after checking a box on the "AEDPA Election Form" that, in part, stated, "I realize this all-inclusive petition must be filed within the one-year period as defined by 28 U.S.C. § 2244(d)." (D.I. 201). The Defendant's "Memorandum of Law," (D.I. 210), and Motion to Vacate, (D.I. 213), followed on January 16, 2003. Together, these documents, which raise exactly two issues relating to the testimony of one witness, are the "all-inclusive" section 2255 petition the Defendant was instructed to file. On approximately March 12, 2003, the Court again presented the Defendant with an "AEDPA Election Form." (D.I. 226). This time, on May 6, 2003, the Defendant elected to proceed. (D.I. 233). Thereafter, the Government filed a response on the merits. (D.I. 236). The Court dismissed the Motion as untimely (D.I. 248), and, after an appeal, the Court of Appeals remanded with instructions to reinstate the

---

[1] So far as the Government can tell, the arguments he wants to present that are described in the Motion Requesting Leave to Amend were not among them. *See* D.I. 236, Exh. H (Court of Appeals opinion).

[2] Pursuant to the Court of Appeals' opinion in *United States v. Wall*, 456 F.3d 316, 318 (3d Cir. 2006), Wall's conviction became final ninety days after the Court of Appeals denied his petition for rehearing on April 22, 2002, and thus he needed to file his section 2255 motion by one year from that date, that is, about July 21, 2003.

Motion and to review it on the merits. Meanwhile, the Defendant filed a Rule 60(b)(6) motion (D.I. 276), raising issues relating to the sentencing court's determination that he was a "career offender," which this Court "dismissed as an unauthorized second or successive motion under 28 U.S.C. § 2255" on April 27, 2005. (D.I. 287). The Defendant served his Motion Requesting Leave to Amend (D.I. 326) on or about August 23, 2006.

**The Defendant's Arguments**

3.     The substance of the argument that Defendant makes in his Motion is unclear. However, the Government's best guess is that his first argument is that only a jury can determine that a defendant is subject to a mandatory minimum offense, and that for the Court to do so by a preponderance of the evidence is a violation of due process.[3] A recent Third Circuit case rejects, in a different context, the proposition that the Court finding the facts that require a mandatory minimum sentence is a constitutional violation. *See United States v. Williams* , __ F.3d __, ___, 2006 WL 2741612, _____ (3d Cir. 9/27/06) (pagination not yet available) (holding that *Harris v. United States*, 536 U.S. 545, 568 (2002), remains good law, and "that a judge may make findings of facts that increase a defendant's mandatory minimum sentence as long as those findings do not extend the sentence beyond the maximum authorized by the jury's verdict."). More importantly, if the Defendant was subject to a mandatory minimum offense (as was believed by all parties at the time of sentencing), it was only on the conspiracy count, for which the mandatory minimum was 120 months (ten years). The indictment alleged that the conspiracy offense was, in part, in violation of

---

[3] Even if this is an accurate statement of the law, it seems unlikely that it would provide any basis for collateral relief. *See United States v. Lloyd*, 407 F.3d 608, 616 (3d Cir.) (use of unconstitutional mandatory sentencing guidelines not a ground for collateral relief), *cert. denied*, 126 S.Ct. 288 (2005).

"21 U.S.C. § 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846," whereas the distribution count alleged that the crime was in violation of "21 U.S.C. § 841(a)(1) and (b)(1)(C)." *See* Exhibit A (copy of indictment). Section (b)(1)(A) provides for a ten-year mandatory minimum, whereas section (b)(1)(C) has no mandatory minimum sentence. The Defendant had high sentencing guidelines on both counts, since he was a "career offender." Consequently, he received a sentence of 180 months on both counts, well above the 120 months that was required by the conspiracy count's mandatory minimum. The mandatory minimum therefore caused the Defendant no prejudice. Absent prejudice, it cannot be raised in a section 2255 motion.[4]

4.    The Government notes that the Defendant's second argument is hard to decipher, but the Government's best rendition of it is that the jury did not convict the Defendant of anything, since under the law at the time of the trial, the amount and the identity of a controlled substance were sentencing factors that did not have to be proved at trial. *See United States v. Lewis*, 113 F.3d 487, 490 3d Cir. 1997). This holding has since been reversed.    *See, e.g., United States v. Lacy*, 446 F.3d 448, 455 (3d Cir. 2006). This argument fails, however, because, even though the law did not require it, it was the practice of the U.S. Attorney's office to charge in the indictment the identity of the controlled substances at issue (cocaine base and cocaine), and it was the practice of the District Court to require that the Government prove the identity of the controlled substances at issue. In this case, the Court instructed the jury on the type of controlled substance that had to be proved. Defendant's Motion to Amend (D.I. 326), Exh. 3 (Transcript p. G-87) (describing the three elements of conspiracy to include, as the first element, "That the defendant conspired to commit an act in

---

[4] Petitioners in section 2255 proceedings have to show "cause and prejudice." *See* Response to § 2255 Petition, p.5, note 6 (D.I. 236). The Defendant does not allege either.

violation of a specific United States statute, namely, knowingly distributing or possessing with intent to distribute cocaine and cocaine base"); Exh. 3 (Transcript p. G-97) (describing the proof required for the distribution conviction to include "that the defendant distributed cocaine base on or about the date alleged in the Indictment"). Thus, even were the jury's verdict to be rendered today, following the instructions actually given in 1999, the verdicts would indicate that the jury found the identity of the controlled substances, and would constitute perfectly valid convictions of the conspiracy (21 U.S.C. § 846) and distribution (21 U.S.C. § 841(a)(1) and (b)(1)(C)) statutes. Since there was no finding as to any specific amount, the maximum sentence would be twenty years imprisonment. *See United States v. oYeje-Cabrera*, 430 F.3d 1, 12-13 (1st Cir. 2005). Thus, to the extent Defendant's argument is that the jury did not convict him of a crime, the record establishes the exact opposite.

**Leave to Amend Should Be Denied**

5.    Because the Defendant's conviction became final about July 22, 2002, a timely section 2255 motion would, unless an exception applied, had to have been filed by about July 21, 2003. He did file such a timely motion, but he cannot add new claims subsequent to that date, although he could amplify on his pending claims. *See United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337-38 (3d Cir. 1999). His original claims, that there was a sixth amendment violation because he shared a prison cell with a government witness, and that his counsel was ineffective in relation to that incident, are unrelated to the present claim that his conviction and/or sentence was illegal because the Court could not determine his mandatory minimum sentence, or because the jury did not determine the weight or identity of the drugs of which he was convicted. *See United States v. Duffus*, 174 F.3d at 337 ("[W]hile Duffus asserted in his

5

initial motion that his attorney had been ineffective, the particular claim with respect to failing to move to suppress evidence was completely new. Thus, the amendment could not be deemed timely."). The present argument is "completely new," and thus cannot be added as a new claim to an existing section 2255 motion. Furthermore, to allow the Defendant to amend his section 2255 Motion to include his new claims would be the equivalent of allowing him to file a third [5] and untimely section 2255 Motion. The congressional purpose evidenced by the one-year statute of limitations established by the AEDPA would be negated were defendants generally allowed to bring up completely new claims more than three years after the statute of limitations had run. In the Defendant's case, when he has twice previously acknowledged the Court's instructions that he had to bring everything up at once, there are no equities that support giving the Defendant his third bite at the apple.

WHEREFORE, the United States requests that the Court deny the Defendant's Motion Requesting Leave to Amend, or, in the alternative, deny the proposed amendments on the merits.

COLM F. CONNOLLY
United States Attorney

By: _Richard G. Andrews_
Richard G. Andrews
First Assistant United States Attorney

Dated: 10/26/06

---

[5] The "third" because not only was there the pending section 2255 motion (D.I. 210 and 213), but there was also the second 2255 motion (denominated by the Defendant as a Rule 60(b)(6) motion), which the Court has already dismissed. (D.I. 287).

## CERTIFICATE OF SERVICE

UNITED STATES OF AMERICA,              )
                                       )
                Plaintiff/Respondent,  )
                                       )    Crim. Action No. 99-33-JJF
        v.                             )
                                       )    Civil Action No. 03-148-JJF
PARRIS WALL,                           )
                                       )
                Defendant/Petitioner.  )


I, Sharon L. Bernardo, employee with the United States Attorney's Office, hereby certify that

on October 26, 2006, I electronically filed the foregoing:

### GOVERNMENT'S RESPONSE TO
### MOTION REQUESTING LEAVE TO AMEND

with the Clerk of the Court using the CM/ECF and by causing two copies of said document to be

placed in a postage prepaid envelope, placed in the United States Mail, and addressed to pro se

defendant as follows:


                Parris Wall
                #04172-015
                USP Lewisburg
                P.O. Box 1000
                Lewisburg, PA 17837-1000

# Exhibit  A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 99- **33** |
| | ) | |
| JOSEPH SCOTT, | ) | |
| LEROY COLEY, | ) | |
| DEANNE CARTY, | ) | |
| PARRIS WALL, *a/k/a Petey,* and | ) | |
| AARON COLLINS, *a/k/a Ernie,* | ) | |
| | ) | |
| Defendants. | ) | |

## **INDICTMENT**

The Grand Jury for the District of Delaware charges that:

### **Count I**

On or about mid-November, 1998, and continuing up to the date of this Indictment, in Kent County, in the State and District of Delaware, and elsewhere, including New York, Joseph Scott, Leroy Coley, Deanne Carty, Parris Wall, a/k/a Petey, and Aaron Collins, a/k/a Ernie, defendants herein, did knowingly conspire and agree with other unindicted coconspirators known and unknown to the grand jury to commit the following offense against the United States: to knowingly distribute, and possess with intent to distribute, cocaine and cocaine base a/k/a crack, a Schedule II, non-narcotic controlled substance, in violation of 21 U.S.C. §841(a)(1) & (b)(1)(A), all in violation of 21 U.S.C. §846.

### **Count II**

On or about February 9, 1999, in the District of Delaware, Joseph Scott, defendant herein, did knowingly aid and abet other individuals in possessing with the intent to distribute a substance

containing a detectable amount of cocaine, a schedule II narcotic controlled substance, in violation of

21 U.S.C. §841(a)(1) and (b)(1)(B) and 18 U.S.C. §2.

### Count III

On or about March 10, 1999, in the District of Delaware, Joseph Scott, defendant herein, did

knowingly possess with the intent to distribute a substance containing a detectable amount of cocaine

base a/k/a crack, a schedule II narcotic controlled substance, in violation of 21 U.S.C. §841(a)(1) and

(b)(1)(A) and 18 U.S.C. §2.

### Count IV

On or about April 21, 1999, in the District of Delaware, Joseph Scott, defendant herein, did

knowingly distribute a substance containing a detectable amount of cocaine base a/k/a crack, a schedule

II narcotic controlled substance, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B).

### Count V

On or about April 23, 1999, in the District of Delaware, Joseph Scott, Leroy Coley, and Deanne

Carty, defendants herein, did knowingly possess with the intent to distribute a substance containing

a detectable amount of cocaine base a/k/a crack, a schedule II narcotic controlled substance, in violation

of 21 U.S.C. §841(a)(1) and (b)(1)(A) and 18 U.S.C. §2.

### Count VI

On or about January 28, 1999, at about 7:50 p.m., in the District of Delaware, Parris Wall, a/k/a

Petey, defendant herein, did knowingly distribute a substance containing a detectable amount of cocaine

base a/k/a crack, a schedule II narcotic controlled substance, in violation of 21 U.S.C. §841(a)(1) and

(b)(1)(C).

### Count VII

On or about February 10, 1999, in the District of Delaware, Parris Wall, a/k/a Petey, defendant

herein, did knowingly distribute a substance containing a detectable amount of cocaine base a/k/a crack,

a schedule II narcotic controlled substance, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) and 18 U.S.C. §2.

### Count VIII

On or about May 3, 1999, in the District of Delaware, Aaron Collins a/k/a Ernie, defendant herein, did knowingly distribute a substance containing a detectable amount of cocaine base a/k/a crack, a schedule II narcotic controlled substance, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C).

### Count IX

On or about May 10, 1999, in the District of Delaware, Aaron Collins a/k/a Ernie, defendant herein, did knowingly distribute a substance containing a detectable amount of cocaine base a/k/a crack, a schedule II narcotic controlled substance, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C).

A TRUE BILL:

Foreman

CARL SCHNEE
United States Attorney

By: 
Richard G. Andrews
First Assistant U.S. Attorney

Dated: May 11, 1999

3