UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PARRIS WALL,                     *

    Petitioner.

                                        *

v.                               Case No.03-148-JJF

UNITED STATES OF AMERICA         *

    Respondent.

                                        *

## TRAVERSE TO GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION REQUESTING LEAVE TO AMEND

COMES NOW, the Petitioner, Parris Wall pro-se, (hereinafter "Petitioner") and respectfully submits the instant traverse to the government's response to Petitioner's motion requesting leave to amend. In support thereof it is stated:

In the Government's response to the Petitioner's motion requesting leave to amend, the government noted that (1) the holding in **Harris v. United States,** 536 U.S. 546,568(2002) remains goog law, and "that a judge may make findings of facts that increase a defendant's mandatory minimum sentence as long as those findings do not exceed the sentence beyond the maximum authorized by the jury's verdict." **citing, United States v. Williams,** ___F.3d___, 2006WL 2741612____(3rd.9/27/06; and(2) that the" "use of unconstitutional mandatory sentencing guidelines not a ground for collateral relief. **citing, United States v. Loyd,** 407 F.3d 608,616((3rd Cir.2005)

1.

## RELEVANT FACTS OVERLOOKED

The indictment in this case alleges that the conspiracy offense was,in violation of 21 U.S.C.§841(a)(1) and (b)(1)(A).But,notable the indictment failed to allege any drug quanity.1) thus,under the law of the circuit petitioner was not facing a mandatory minimum sentence.

The charging language of the indictment named two conspiratoril objectives,cocaine and cocaine base.But,is silent as to the actual type and quanity that was attributable to Petitioner.The ambiguity was not cleared up when the jury returned it's general verdict as to the conspiract count.

At sentencing,the Court found by a preponderance of the evidence that the total amount of controlled substance involved in the conspiracy attributable to the Petitioner was 567 grams of cocaine, and 2.93 grams of cocaine base.As a result Petitioner was sentenced to 180 months-under a five year minimum mandatory term.2]

---

1./ See,the Government's Exhibit A (Copy of the Indictment)
2./ See, Petitioner's exhibit #1 (sentencing transcripts)

Under the law of this circuit now, it appears that §841(a) is not "fully operative" without or functionally independent from §841 (b). Without §841(b), §841(a) establishes a crime without punishment. Indeed, without §8419b) it would not be clear whether a violation of §841(a) would be a felony or a misdemaenor. **cf. United states v. Barbosa, 271 F.3d 438** (3rd.Cir.2001)(holding, the statutory maximum penalty that can be imposed on a defendant when drug identity is not known or found by the jury is one year, the lowest statutory minimum under "catch-all" provisions of §841(b); and **United States v. Puryear, 940 F.2d 602** (10th.Cir.1991), (jury findings as to quanity was necessary to support felony conviction and sentence). This legal reasoning is supported by the "statutory interpretation of §841," If drug quanity and drug type are elements of the offense.

## DISCUSSION

In the case at bar, Petitioner was tried and convicted of conspiracy to posses with the intent to distribute a controlled substance in violation of 21U.S.C. §841(a)(1) and§846, (see, jury instructions). As explained in his amended motion **Apprendi** and it's progeny warrant a "new interpretation of §841." That is, here the Government would like for this court to partially retreat from the statutory construction of §841, by deciding the case on constiutuional grounds rather than statutory. **Cf., Ashwander v. Tva, 297 U.S. 288, 346-47**(1936(articulating principle that cases should be decided on statutory grounds before reaching constitutional questions). **Id.** The Government should not be allowed

3.

to overlook the "canon of constitutional avoidance" analysis in this matter.

The relevant inquiry here is whether the provisions of §841(b) are elements of crime or mere sentencing factors, cf., **United States v. Vasquez,** 271 F.3d 113(3rd.Cir.2001)(en banc)(Becker,J.,concuring)("It strains credulity... to assert that congress intended for [drug] type and quanity to be treated as sentencing factors in some cases and elements in others. I know of no statute written in such a manner, nor am I aware of any statute construed this way.") **Id at 135.**

Much confusion has arisen in the interpretation of **Apprendi's** case because of the failure to recognize that it is determining the constitutionality of a "state criminal statute." Whereas, **Almenderez-Torrez v.United States,** 523 U.S. 224(1998); **Jones v. United states,** 526U.S. 227 (1999); **Castillo v.United States,** 530 U.S.120(2000); and compare **McMillian v.Pennsylvania,** 477 U,S.79,85 -86(1986), some statutes come with the benifit of provisions straightforwardly addressing the distinctions between elements and sentencing factors. **Id.** these cases set forth the principle of statutory construction that should guide this court in the instant matter. that is. the government and this Court should not ignore the analsis in these Supreme Court cases that directly address the very issue this court is faced with. In each of these cases the distinction was between an element of a crime and a sentence factor, not the creation of a new category for enforcement of a "sentencing factor to be proven to a jury."

## CONCLUSION

If the cannot be heard by the District Court, in the matter then §2255 as amended by the AEDPA is unconstitutional as a violation of the Due Process Clause of the Fifth amendment or the suspension clause of Article I, section 9 of the constitution, where no other avenue of judicial review is available for a party who claims that he is factually or legally innocent as a result of a previously unavailable statutory interpretation.

Dated: 11/9/06

RESPECTFULLY SUBMITTED,

*Parris Wall*

Parris Wall, pro se

# CERTIFICATE OF SERVICE

I, __Parris Wall_____, hereby certify that I have served a true and correct copy of the foregoing:
One Copy of a (5)page Traverse to the government's response

to the Petitioner's motin requesting leave to amend.


Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:   Richard G.Andrews,esq.
Office of the United States Attorney
1007 Orange Street ,Suite 700

Wilmington,DE 19899


and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __9th_____ day of __November__, 2006

Respectfully Submitted,

*[signature]*
04172-015

REG. NO. __04172-015__

Inmate Name: Parris Wall
Register Number: 04172-015
Inited States Penitentary
P.O. Box 1000
Lewisburg, PA 17837



HARRISBURG PA 171  PM  13  NOV  2006

U.S.M.S. X-RAY

UNITED STATES DISTRICT COURT
C/O Clerk Of the Court
J.Caleb Boggs Federal Building.
844 North King Street
Wilmington,DE 19801

