```
                                            Parris Wall
                                            #04172-015
                                            U.S.P.Lewisburg
                                            P.O.Box 1000
                                            Lewisburg,PA 17837-1000
To:The Hon.J.J.Farnan
Fr:Parris Wall                          99 cR 33-4 (JJF)
```

Dear Judge Farnan,

    I am writing you this letter in regards to an issue that I have pending in this Court.I am not asking you to decide upon whether I an right or wrong in regards to the issues that I present to you in this letter...to do so would be equivalent to submitting an entirely different motion to you.This is a letter and in no way am I asking that it be construed as a motion,and I don't want an answer in response to this letter,but I would like to ask for a receipt of this letter or to be provided with some affirmation that you personally received this letter.

    August 9,2006,I received an opimion from the Third Circuit that my 2255 that was filed in this Court was re-instated and was to be heard on the merits.As you may know I am working in a pro se capacity and I just wanted to bring to you some type of clarification onthe issue/situation in which Iam alleging was done to me.

    My claim that I seek relief on is a "Massaih Claim" also known as a "Spy in the Camp" claim.I want to make this as plain as possible.

    I know that it is a pratice of the attorney's office to seperate cooperating co-defendants from the ones who aren't.

I was arrested on May 17,1999,for the charges in which I now stand convicted.On May 26,1999 I was taken to F.C.I. Fairton in Jersry to be housed pending trial.While here at F.C.I. Fairton,I came to get to know AAron Collins who was charged on the same indictment as I was. While we were there he asked me to move into his cell with him which I agreed to. While there at F.C.I. Fairton,Aaron,myself,and my other co-defendant Leroy Coley discussed the case,and ways to possibly win at trial and went to the law library together to exchange views on the case and defenses.

All the while,and before Aaron Coollins had asked me to move in with him,he had already participated in two off-record proffers with the government.What makes this whole thing even more egregious is the fact that the prosecution witheld all the information in regards to his cooperation while he was at the same prison and in the same cell with me.A review of the transcripts as well as the proffer statements,and the Third Circuit sase law will demonstrate to you what has happened. Whether my attorney knew this was in violation of my rights or not is beyond me,but when I "pressed" him about it after I found out that it was he did no more than merely question him (Aaron Collins )about it on the stand.It's obvious that the Court,the prosecution,as wellas my attorney knew of this but made no attempts to bring this to the attention of the Judge at the time .This requires a reveral of the convistion, and Third Circuit case law says so.

Although crude in format, the memorandum of law that I submitted with my 2255 petition back in 2003 will demonstrate the truth of the matter, and all I ask is that you give very careful review to my claim and the unjustified conduct of the attorney's office in regards to placing a cooperating co-defenant in close proximity to me for the obvious purposes of obtaining incriminating info.

Thank you for your time, concern, and consideration for hearing me.

Date: 11/22/06

Sincerely,

Parris Wall

I certify that I have mailed a copy of this letter to Mr. Andrews, AUSA.