IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 99-033-4-JJF |
| | : | |
| | : | Civil Action No. 03-148-JJF |
| PARRIS L. WALL, JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

Colm F. Connolly, Esquire, United States Attorney, Shannon Thee Hanson, Esquire, Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.

Attorney for Plaintiff.

Parris L. Wall, Jr., Pro Se Defendant.

**MEMORANDUM OPINION**

June 13, 2007
Wilmington, Delaware

**Farnan,** District Judge.

Presently before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (D.I. 213) and a Motion Requesting Leave To Amend 28 U.S.C. 2255 Petition Pursuant To Federal Rules Of Civil Procedure 15(a) (D.I. 326) filed by Defendant, Parris L. Wall, Jr. For the reasons discussed, the Court will deny the Motions.

## BACKGROUND

Defendant was tried before a jury and convicted of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and distribution of cocaine base in violation of 21 U.S.C. § 841. Defendant was sentenced to 180 months imprisonment and a term of five years of supervised release. (D.I. 139).

Defendant appealed his conviction and sentence (D.I. 140), and the Third Circuit affirmed his conviction and term of imprisonment. However, the Third Circuit vacated the term of supervised release imposed by the Court and remanded the matter so that the Court could impose a three year term of supervised release. (D.I. 172.)

On June 21, 2001, the Court resentenced Defendant consistent with the Third Circuit's instructions. (D.I. 180.) Following his resentencing, Defendant filed another appeal. (D.I. 183.) The Third Circuit granted the Government's motion for summary

1

affirmance on September 27, 2001, and dismissed Defendant's second appeal. (D.I. 190.) Defendant did not file a petition for certiorari, but instead, filed a petition for rehearing in the Third Circuit on December 15, 2001.

Defendant's petition for rehearing was untimely filed, and the Third Circuit treated it as a "Motion To File Petition For Rehearing Out Of Time." On April 1, 2002, the Third Circuit granted the motion and ordered the clerk to circulate it to the full court. Thereafter, on April 22, 2002, the Third Circuit denied Defendant's request for rehearing.

On July 1, 2002, Defendant filed a Section 2255 Motion in this Court. (D.I. 195.) Defendant's Motion was timely filed, but he elected to withdraw the Motion when completing his AEDPA election form. (D.I. 201). Consistent with Defendant's election form, the Court dismissed his Section 2255 Motion on September 20, 2002.

On January 15, 2003, Defendant filed the instant Section 2255 Motion. (D.I. 213.) The Court dismissed the Motion as untimely. (D.I. 248.) On appeal, the Third Circuit reversed the Court's decision holding that Defendant's conviction became final ninety days after the Third Circuit denied his Petition For Rehearing on April 22, 2002. Applying the one-year limitations period to that date, Defendant had until July 2003 to file his Section 2255 Motion, and therefore, Defendant's January 15, 2003

Motion was timely. United States v. Wall, 456 F.3d 316, 318 (3d Cir. 2006). In accordance with this holding and the Third Circuit's instructions on remand, the Court reinstated Defendant's Section 2255 Motion.

In addition, Defendant has filed a Motion Requesting Leave To Amend his reinstated Section 2255 Motion. (D.I. 326.) The Government has filed a Response (D.I. 330), and Defendant has filed a Traverse (D.I. 331) in reply. Both Defendant's Motion Requesting Leave To Amend and his reinstated Section 2255 Motion are ready for the Court's review.

## DISCUSSION

### I. Evidentiary Hearing

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court should consider whether an evidentiary hearing is required in this case. After a review of Defendant's Motions, the Government's responses, and the record in this case, the Court concludes that it can fully evaluate the issues presented by Defendant, and the record conclusively establishes that Defendant is not entitled to relief. Accordingly, the Court concludes that an evidentiary hearing is not required. United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005).

### II. Motion Requesting Leave To Amend

The issues raised in Defendant's Motion Requesting Leave To Amend his reinstated Section 2255 Motion are less than clear.

The Government has construed Defendant's first argument to be that the jury must determine whether a defendant is subject to a mandatory minimum offense, and that for the Court to do so by a preponderance of the evidence is a violation of due process.  It also appears to the Court that Defendant alleges that the jury was required to render findings as to both drug type and quantity.[1]

In United States v. Williams, 464 F.3d 443, 449 (3d Cir. 2006), the Third Circuit recognized that the Supreme Court's decision in Harris v. United States, 536 U.S. 545, 568 (2002), remains binding law and that under Harris, a "judge may make findings of facts that increase a defendant's mandatory minimum sentence as long as those findings do not extend the sentence beyond the maximum authorized by the jury's verdict."  In this case, Defendant was sentenced higher than the mandatory minimum, but less than the statutory maximum.  In these circumstances, the Court cannot conclude that Defendant has demonstrated a due process violation.

To the extent that Defendant raises an argument under Apprendi concerning drug quantity, the Court notes that

---

[1] The Government construes Defendant's second argument in a similar vein, i.e. "that the jury did not convict Defendant of anything, since under the law at the time of trial, the amount and the identity of a controlled substance were sentencing factors that did not have to be proved at trial." (D.I. 330 at 4).

4

Defendant's argument was raised and rejected on direct appeal. United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (recognizing that section 2255 motions should not be used to relitigate issues raised and decided on direct appeal). Defendant was sentenced to fifteen years imprisonment, a term below the statutory maximum, and therefore, Apprendi does not apply to Defendant.[2]

Like drug quantity, drug type has also been treated as an element of the offense if it is a factor which increases the defendant's sentence beyond the statutory maximum. Although this was not the law at the time of Defendant's trial, the Government included the identity of the substance at issue in the indictment and the Court instructed the jury on the type of substance that had to be found. (D.I. 326, Exh. 3 (Transcript Excerpts) at G-87, 97.) Accordingly, the Court concludes that the jury's verdict evidences a specific finding that Defendant was responsible for distribution of cocaine and cocaine base, and therefore, Defendant's convictions are valid under the law as it has evolved since the time of Defendant's trial. In any event, however, Defendant's sentence was not increased beyond the statutory maximum, and therefore, the Court concludes that Defendant is not entitled to relief.

---

[2] Any error under Apprendi regarding the term of supervised release was corrected by the Court when this matter was remanded by the Third Circuit.

Because each claim that Defendant seeks to add to his reinstated Section 2255 Motion lacks merit, the Court further concludes that leave to amend is futile. Fed. R. Civ. P. 15(a); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999). Accordingly, the Court will deny Defendant's Motion.[3] United States v. Gibison, 2001 WL 708810, *6 (D. Del. June 20, 2001) (denying leave to amend where claim sought to be added was meritless).

### III. Reinstated Section 2255 Motion

By his Section 2255 Motion, Defendant raises two related claims. First, Defendant contends that his Sixth Amendment right to counsel was violated because he was placed in the same cell as Aaron Collins, a jailhouse informant, who had been cooperating with the Government and who ultimately testified against Defendant at trial. Second, Defendant contends that his counsel was ineffective because he should have objected to Collins' testimony.

---

[3] The Court also notes that the claims Defendant raises in his Motion For Leave To Amend do not relate back to his original Section 2255 Motion filed on January 15, 2003, and therefore, the new claims he seeks to add are untimely. Fed. R. Civ. P. 15(c). For this additional reason, the Court concludes that leave to amend should be denied. Mayle v. Felix, 545 U.S. 644 (2005) (holding that amended habeas petition does not relate back and thereby avoid AEDPA's one-year limitations period when it asserts new grounds for relief that are different from those set forth in the original pleading); Henderson v. Giguglielmo, 138 Fed. Appx. 463 (3d Cir. 2005) (dismissing claims raised in amended habeas petition as untimely where claims were factually and legally distinct from claims raised in original petition, and therefore, claims did not "relate back" under Rule 15(c)).

6

A.   Jailhouse Informant

In the context of his direct appeal, Defendant raised the argument that his Sixth Amendment rights were violated when he was housed with Aaron Collins, a jailhouse informant. The Third Circuit summarily rejected Defendant's argument concluding that it was meritless. Section 2255 may not be used to relitigate issues already decided on direct appeal. DeRewal, 10 F.3d at 105 n.4. Accordingly, the Court concludes that Defendant is not entitled to relief on his claim.[4]

B.   Ineffective Assistance Of Counsel

To succeed on an ineffective assistance of counsel claim, a defendant must satisfy the two-part test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of the Strickland test requires a

---

[4] Even if the Court evaluates the merits of Defendant's claim, the Court concludes that Defendant is not entitled to relief. The deliberate use of a jailhouse informant to elicit incriminating information from a defendant violates the defendant's right to counsel, if (1) his right to counsel attached at the time of the elictation; (2) the informant was working as a Government agent; and (3) the informant "deliberately elicited" incriminating information from the defendant. Matteo v. Superintendent, 171 F.3d 877, 891 (3d Cir. 1999). Although Defendant's right to counsel attached, the Court cannot conclude that Collins was acting as a Government agent during the three weeks in June when they were housed together. Although Collins had always indicated a willingness to cooperate with the Government to obtain a guilty plea, the record demonstrates that the Government was unable to reach an agreement with Collins until September 13, 1999. (D.I. 236, Decl. of Richard Andrews & Exh. A-G.) Accordingly, Defendant has not established that there was an agreement between Collins and the Government that would make him a Government agent at the time he was housed with Defendant. Matteo, 171 F.3d at 893.

7

defendant to show that his or her counsel's errors were so egregious as to fall below an "objective standard of reasonableness." Id. at 687-88. In determining whether counsel's representation was objectively reasonable, "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In turn, the defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound ... strategy.' " Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second prong of Strickland, the defendant must demonstrate that he or she was actually prejudiced by counsel's errors, meaning that there is a reasonable probability that, but for counsel's faulty performance, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 692-94. To establish prejudice, the defendant must also show that counsel's errors rendered the proceeding fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

Defendant contends that his counsel should have objected to Collins' testimony. However, the Court cannot conclude that counsel's failure to object to Collins' testimony was unreasonable or resulted in prejudice to Defendant. Defendant has not demonstrated that the use of Collins' testimony violated his Sixth Amendment rights, and therefore, Defendant has not established that the Court would have excluded Collins'

testimony. See e.g., Peace v. Hendricks, 2005 WL 3406405, *14 (D.N.J. Dec. 12, 2005) (recognizing that defendant must show court would have sustained objection to demonstrate ineffective assistance of counsel based on failure of counsel to object).

Moreover, Defendant does not allege that Collins testified at trial to anything incriminating that Defendant told him while they were incarcerated together. Defendant refers to testimony that Defendant told Collins that there was "a lot of money in Smyrna," meaning "a lot of drug money, people that smoked crack." (D.I. 152, Tr. at 89-90.) However, Defendant does not allege that he made this statement to Collins while he was in prison.

Further, Defendant was convicted on not only the conspiracy to distribute count, but also on a count of actual distribution of cocaine to an undercover Delaware State Police officer. Collins' testimony was irrelevant to this count, and Defendant faced twenty years imprisonment on this count alone. Accordingly, the Court concludes that Defendant has not established that the outcome of the proceedings would have been different had trial counsel objected to the testimony of Collins, and therefore, the Court will deny Defendant's Section 2255 Motion.

### III. Whether A Certificate Of Appealability Should Issue

The Court may issue a certificate of appealability only if Defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case,

9

the Court has concluded that Defendant is not entitled to relief on his claims, and the Court is not convinced that reasonable jurists would debate otherwise. Because Defendant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability for Defendant's claims.

## CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody and decline to issue a certificate of appealability.

An appropriate Order will be entered.