IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Respondent, | : |
| | : Criminal Action No. 99-033-4-JJF |
| v. | : Civil Action No. 03-148-JJF |
| PARRIS L. WALL, JR., | : |
| Defendant/Petitioner. | : |

## GOVERNMENT'S RESPONSE TO PETITIONER'S RULE 59 MOTION TO ALTER OR AMEND JUDGMENT

COMES NOW the United States, by and through its undersigned attorneys, and hereby files its response to *pro se* defendant/petitioner Parris L. Wall, Jr.'s (hereinafter "Wall" or "defendant") Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). Criminal Case 99-033 Docket Item (hereinafter "D.I.") 338. For the reasons set forth below, the motion is without merit and should be denied.

### The Defendant's Motion Is Untimely

As an initial matter, the defendant's motion is untimely. Federal Rule of Civil Procedure 59(e) provides that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The defendant seeks to have this Court amend its June 13, 2007 Order denying his Motion under 28 U.S.C. §2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody and declining to issue a certificate of appealability. *See* D.I. 335. The defendant's motion was filed on June 27, 2007, fourteen (14) days after that Order was filed by the Court and thus outside the permissible time limits for Rule 59 motions.

The defendant claims, however, that because he received the Court's Order on June 18, 2007 and his Motion is dated and was presented to prison officials on June 25, 2007, that the motion is timely filed, presumably because June 25, 2007 was within ten (10) days of the date on which he received the Court's Order. *See* D.I. 338 at Ex. A and Certificate of Service. The

government notes that the case cited by the defendant in support of his position, *Houston v. Lack*, 487 U.S. 266 (1988), addresses the thirty (30) day time period to file an appeal from a §2255 ruling under Federal Rule of Appellate Procedure 4(a), not the ten day period for filing a Rule 59(e) motion. Thus, the Court can dismiss the motion as untimely.

Recognizing, however, that the Court often construes *pro se* litigant's filings liberally, the government will also address the merits of the defendant's motion. Because the defendant's claims are groundless, the Motion should be denied.

### The Defendant Cannot Satisfy Fed. R. Civ. P. 59(e)'s Requirements

Rule 59 motions are to be granted only under certain rare and limited circumstances. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. . . . Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (internal citations omitted). As a result, this Court may grant the defendant's motion to alter or amend its June 13, 2007 Order denying his §2255 Motion only if the defendant can demonstrate one or more of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its Order denying the defendant's §2255 motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

The defendant does not, because he cannot, argue that there was an intervening change in the law since the Court's June 13, 2007 Order. Likewise, he does not argue in support of his motion evidence that was not available to the Court when it denied his petition. Accordingly, only the third ground is available to the defendant, *i.e.*, the alleged need to correct a clear error of law or fact or to prevent manifest injustice. No such error exists with respect to the Court's June 13, 2007 Order, and the defendant's motion fails.

Here, the defendant seeks that the Court re-visit its denial of his Sixth Amendment "jailhouse informant-spy in the camp" and ineffective assistance of counsel claims. The defendant maintains that the Court erred in finding that his right to counsel claim was raised on direct appeal and thus cannot be relitigated under §2255. D.I. 338 at 3. The Court's finding was not in error. In fact, the defendant's own exhibit demonstrates that the appellate court did consider this issue on direct appeal and found it to be "without merit." *Id.* at Ex. B-4 n.6. Likewise, the defendant misinterprets the government's alleged "concession" that the "record [was] barren" with respect to this issue. The government's appellate argument cited by the defendant refers the defendant's failure to raise this issue in the District Court, not on appeal, and thus cannot aid the defendant. *See id.* at Ex. B-2.

The defendant argues that the Court's substantive analysis of his right to counsel claim is likewise in error, contending that the government's May 20, 1999 off-the-record proffer letter made Aaron Collins a government agent at the time he and the defendant were incarcerated together. *Id.* at 5 and Ex. G. Citing this letter, the defendant thus argues that the government "misled" the Court about the existence of an agreement with Collins. *Id.* at 5-6. However, the citations to the record in the Court's Memorandum Opinion, D.I. 334 at 4 n.4, evidence this Court's awareness of the existence of May 1999 proffers between the government and Collins, which proffers did not result in a plea agreement until September 1999. *See* D.I. 236 at 8 ("[a]n "off-the-record proffer" letter does not convert an individual into a Government agent.") cited by the Defendant in support of this instant motion for reconsideration as Ex. F. Because the government made the Court aware of all salient facts and because Collins was not an agent at the time the defendant was housed with him, the Court's denial of the defendant's right to counsel claim should stand.

Similarly, there is nothing about the Court's ruling on the defendant's ineffective assistance of counsel claim that merits Rule 59 reconsideration. The defendant's motion can be read to argue that the Court erred when ruling that *Strickland's* prejudice prong had not been met

by focusing, *inter alia*, upon the defendant's failure to "allege that Collins testified at trial to anything incriminating that Defendant told him while they were incarcerated together." D.I. 334 at 9.

While the defendant cites to the Coley Affidavit, September 21, 1999 interview notes, and Collins' trial transcript in support of his claim that Collins was acting as a government agent while in jail, his motion for reconsideration nevertheless still does not mention any Collins trial testimony that references incriminating statements made by the defendant to Collins during their pre-trial incarceration. *See* D.I. 338 at 4-7 and Ex. H & I.[1] Thus, even considering the evidence offered in support of the present motion, the defendant still fails to meet the requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court appropriately dismissed all the defendant's claims without a hearing. The defendant has not demonstrated, as he must under Rule 59, the need to correct a clear error of law or fact or to prevent manifest injustice. No such errors were made. The Court's denial of the defendant's §2255 motion should stand.

### Conclusion

For the above stated reasons, the United States respectfully requests that this Court deny defendant's Federal Rule of Civil Procedure 59(e) Motion to Amend or Alter Judgment. A proposed order is attached.

Respectfully submitted,

Colm F. Connolly
United States Attorney

BY: /s/ Shannon Thee Hanson
Shannon Thee Hanson
Assistant U.S. Attorney

Dated: July 21, 2007

---

[1] Even assuming, but certainly not conceding, that Collins' testimony against the defendant was, in part, the result of the time he and the defendant were incarcerated together, that fact remains irrelevant for present purposes because Collins was not, as the Court found, acting as a government agent at the time. Moreover, the defendant's own exhibits demonstrate Collins' knowledge of the defendant from outside prison. *See, e.g.*, D.I. 334 at Ex. I-2.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Respondent, | : |
| | : Criminal Action No. 99-033-4-JJF |
| v. | : Civil Action No. 03-148-JJF |
| PARRIS L. WALL, JR., | : |
| Defendant/Petitioner. | : |

ORDER

Having fully considered the parties' written submissions, and for the reasons stated in the Government's Response to Petitioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), it is this _____ day of _____ hereby Ordered by the Court that the Defendant's Motion (D.I. 338) IS DENIED.

Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response to Petitioner's Rule 59 Motion to Alter or Amend Judgment is served via first class mail on July 23, 2007, return receipt requested, upon:

Parris L. Wall, Jr.
#04172-015
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837-1000

_____
Shannon Thee Hanson

DATED: July 21, 2007