Cr. A. 99-33-04. JJF

PARRIS WALL

   Petitioner.

v.

UNITED STATES OF AMERICA,

   Appellant.



BD scanned

PETITIONER'S RESPONSE TO THE GOVERNMENTS' OPPOSITION

OF HIS RULE 59(e) MOTION.

On July 26,2007 ,Petitioner,Wall,received the governments July 21,2007 dated,July 24,2007,postmarked motion in opposition of his timely filed Rule 59(e) motion.

### WHY THE PETITIONER'S MOTION WAS AND IS TIMELY.

The government contends that Walls' Motion for Reconsideration under Rule 59(e) is untimely.For the fore going reasons it was not.

Rule 45(A),Commputation,Rules of Criminal Procedure, states in pertinent part,..."When a period of time prescribed or allowed is less than 11 days itermediate Saturdays,Sundays and holidays shall be excluded in the computation.

Also see,Rules of Appellant Procedure 26(c).Additional Time After Servive.

When a party is required or permitted to act within a prescribed period after a paper is served on that party,(3) calander days are added to the prescribed period unless the

1.

paper is delivered on the date of service stated in the proof of service. For purposes of this Rule 26(c), a paper that is served electronically is not treated as delived on the date of service stated in the proof of service. Petitioner's motion was delivered by mail to him.

Also see, Rules of Appellant Procedure, Rule 4 Note to subdivision (c).

In Houston v. Lack, 487 U.S. 266(1988), the Supreme Court held that a pro se prisoner's notice of appeal is filed at the moment of delivery to prison officials for forwarding to the district court. The government in their opposition rely on the holding of Houston v. Lack. in error arguing that it only applies to the 30 day period in which to appeal a 2255 denial. The governments interpretation of Houston v. Lack, is fully out of order.

The district court's denial of petitioner's 2255 petition was dated June 13, 2007, (Wednesday). Assuming that it was mailed that day would allow (2) mail travel days. (Thursday and Friday), federal prisoners do not receive mail on Saturdays, and Saturdays and Sundays are excluded from computation. Excluding the 16th, 17th, 23rd and 24th, which are the Saturdays and Sundays between the date of the petitioner's filing, Petitioner's June 25, 2007 motion is timely filed. Even if the government did receive the motion on June 27, 2007, it is still timely..

For these reasons the petitioner's motion is timely filed. At worst case, if it wasn't the Court has the Authority to re-

characterize the motion to a Rule 60 motion, which would definitely make it timely.

### PETITIONER SATISFIES Fed.R.Civ.P. 59(e) Requirements.

The purpose of a Rule 59(e) motion for reconsideration is to correct manifest errors of law or fact, or to present newly discovered evidence...Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.

In the instant case the government argues that only the third ground for granting a Rule 59(e) motion,...(3) the need to correct clear error of law or to prevent manifest injustice, and that no such error exist and that petitioner's motion fails. However, there is a need to corect clear error in this instant caes, which when corrected relieve the petitioner.

the district court in their June 13,2007, memorandum opinion, relies on <u>Matteo v. Supertintendent,</u> 171 f.3d. 877.891 (3rd Cir.1999), stating that on the merits petitioner would not be entitled to relief, because Collins did not enter into a plea agreement until September 13,1999. Matteo has been misinterpreted by the district court in respect to the facts of this instant case. Matteo holds that an agreement either express or implied is sufficient. Matteo <u>doesn't</u> hold as the Court and the government seem to misinterpret, is that the agreement must be a plea agreement. <u>Matteo</u> only requires a

showing of an express or implied agreement between the government and the informant. A plea agreement has no basis for establishing when he became an informant.

The existence of this agreement between is not newly discovered evidence, the goverment as well as the Petitioner were already aware of this as the government concedes to in their opposition. The only need that there was to for Collins and his attorney (Koyste) to sign this letter agreement that is in the guise of a letter is to agree to the terms set forth by the government of the proffer, which was off record which only adds to the suspicion of Collins acting as an informant. It is unlikely that the government agreed to meet with Collins and his attorney to discuss the weather.

The governments concession that the record was barren with respect to the (Massaih Claim) should be taken at face value. Moreover, the Petitioner should be grante an evidentiary hearing in regards to this issue which would be consistent wuth the law of this circuit, <u>United States v. Brink, 39 F.3d 419 (1994)</u>.

WHEREFORE, the Petitioner ask that this Court evalute his Rule 59(e) motion on the merits.

RESPECTFULLY SUBMITTED,

7/30/07

*Parris Will*

## Certificate of Service

I, Parris Wall, have caused (1) copy of the enclosed motion to be sent (by mail) to the following party by placing proper postage on envelope and giving it to prison authorities on 7-30-07

Shannon Hanson, A.U.S.A
1007 Orange St. Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

*Parris Wall* (signature)

