To: Hon. Joseph J. Farnan
    United States District Court
    844 N. King Street
    Wilmington, DE 19801

Fr: Parris Wall #04172-015   Ex parte
    U.S.P. Lewisburg
    P.O. Box 1000
    Lewisburg, Pa 17837-1000

August 22, 2007

Dear Your Honor,

   I understand that is not the normal practice to write directly to you, but I would like to ask that you please hear me out. Please.

   I'll try to be concise as i know how to be as I explain my position to you. I know that I am correct, and I believe that you will understand when you are through with this letter. I am not asking that you entertain this as a motion, for that would be to circumvent the procedural gatekeeping policies, but I would like to ask that after hearing and agreeing with my position that you call me back to court to correct this gross error-sua sponte, I believe that means on the courts own motion

   I've fought and argued this issue since 1999, before sentencing during, and after in various fashions. The issue due to changes in the state statute is quite rare/novel and I dont believe at that time that the court intentionally overlooked my point, but just misconstrued my position for the norm, example:" It was a misdemeanor", "I got sentenced to less than a year", " I got probation", or "that it didn't carry over a year at the time of my sentencing in federal court for my instant offense". None of these are my position in the least.

   Here is a little background on the prior offense that was erroneously used to qualify me as a career offender.

1.

The crime that was used ,which is invalid is assault in the third degree in the State of Delaware.Facially this appears to be a valid qualifying crime of violence to use against me for the career offended enhancement,but the commentary as is applied to the facts of this case were misconstrued.1B1.7 U.S.S.G. explain my position of how the commentary must be followed to interpret the application of the guidelines.

On July 17,1989,the Delaware law changed reducing the statutory maximum penalty for assault in the third degree from two years maximum punishment ,to one year maximum punishment.

On May 19,1990,petitioner was charged with the crime of assault in the third degree.*This **was after the law changed ,but before it became effective.**

On June 30,1990,the new one year statute for assault in the third degree became effective.

On September 11,1990,after the new zero to one year maximum statute became effective,through the advise of my attorney at the time,I pled guilty to the former two year statute,and not the zero to one year maximum statute that was in effect.Because I pled to the former statute instead of availing myself of the current effective statute of zero to one year ,the Court found me to be a career offender.

Before I go any further I want to say that a repealed penal statute cannot be applied in pending prosecutuions or proceedings on appeal.Although this is an issue that I could have argued at the state level,the fact remains that the Court and U.S. Attorney wre aware of the fact that this was a repealed statue that I pled guilty to in the state and by recognizing this,which should have been obvios to identify with having all the pertinent paperwork relating to this prior offense,could have ,and should have at least applied the **"rule of lenity"** and not relied upon the career offenfer enhancement.

2.

Also,See<u>United States v.Fenton,309 F.3d 825,828n.3(3rd.Cir.2002</u> [W]here...the [Sentencing] Guidelines do not clearly call for enhancement,the rule of lenity shoild prevent the application of a significantly enhanced sentence.

Application Note (1) to the commentary of 4B1.2 of the U.S.S.G. reads in pertinent part: "Aprior felony conviction for an offense punishable by death or imprisonment exceeding one year,and regardless of whether such offense was specifically designated as a felony, and regardless of the actual sentence received.

The fact that I was sentenced to a sentence of two years probation ,or even if it was two years imprisonment holds no weight in the case of the petitioner. Quoting <u>U.S.V.Santiago 83 F.3d 20</u>,"The guideline,however,does not speak in terms of <u>judicial</u> judgement(the length of the sentence meted out)but,rather,in terms of <u>legislative</u> judgement(the maximum punishment applicable to the offense.<u>See</u>  U.S.S.G.  4B1.2

In the U.S.S.G......"**Definitions of Terms Used in Section 4B1.1**,subsection (3) the last sentence of the subsection reads, "The date that the defendant sustained a conviction shall be the date that the guilt of the defendant gas been established,whether by guilty plea,trial,or plea of nole contendere.

I pled guilty to this prior offense on September 11,1990.It is undisputed and on record that at this time (9-11-90) that the actual statutory maximum for this charge of assault in the third degree was only punishable by a year maximum .This fact alone is sufficient to show that I should have not received the career offender status.

Your Honor,I've been pursuing this issue diligently  for the better part of my incarceration.Iknow that my sentence is incorrect with the career offender designation,and I believe you will see that too.This has been danced around for years.All I ask is to be called back to court and be resentenced to my range absent the career offender classification,which is Level -26,Catergory # 5 at 110-137 months.

3.

I know that I am correct and it's hard to believe that the Court and the government with their vast resources at their disposal cold see otherwise.

To say that my state prior used is more than the statutory maximum that should have been imposed which was one year max,(I received two) is to concede that it was imposed in violation of the law,and the Court and U.S. Attorney having knowledge of this now and at that time could and should have recognized this and never sentenced me as acareer offender.

I ask with all due sincerity that you call be back to Court sua sponte and correct this gross error.I am asking for what should have been done years ago.It's the right thing to do.A new judgement of committment would suffice all the same to cut the cost of obtaining a writ and transit.

I'd like to ask that Your Honor respond to this at the earliest convenience.

Dated:                              RESPECTFULLY SUBMITTED,

8/24/07                             *Parris Wall*

P.S. Please excuse my typos.

he received a six-month sentence on each occasion. The guideline, however, does not speak in terms of a *judicial* judgment (the length of the sentence meted out), but, rather, in terms of a *legislative* judgment (the maximum punishment applicable to the offense). *See* U.S.S.G. § 4B1.2, comment. (n. 3) (Nov. 1992) (explaining that a " '[p]rior felony conviction' means a prior ... conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of ... the actual sentence imposed"); *see also United States v. Sanchez,* 917 F.2d 607, 615 (1st Cir.1990) (reaching the same conclusion), *cert. denied,* 499 U.S. 977, 111 S.Ct. 1625, 113 L.Ed.2d 722 (1991). The offenses occurred in Massachusetts, and assault and battery was punishable in that commonwealth at the time by imprisonment of up to two-and-one-half years. *See* Mass. Gen.L. ch. 265, § 13A (1990). Seen in this light, the appellant's convictions for assault and battery constitute predicate offenses within the purview of the career offender guideline.[4] Thus, the sentencing court did not err in treating the appellant as a career offender.

### III.

#### Conclusion

We need go no further. The other assignments of error are patently meritless and do not warrant discussion. The record reflects, without serious question, that the appellant experienced a fair trial in a proper venue, and that he was lawfully convicted and sentenced.

*Affirmed.*



---

4. The appellant argues that the later conviction for assault and battery with a dangerous weapon should be excluded because the "weapon" was a pair of work boots. We do not see what possible difference flows from this distinction. For one thing, we take a categorical approach to the examination of predicate offenses in order to determine whether they meet the requirements of the career offender guideline. *See, e.g., Winter,* 22 F.3d at 18. For another thing, assault and battery is no less a crime of violence because the assailant stomps his victim rather than assaulting him in some more traditional manner.

---

William DEGNAN, Jr., Plaintiff, Appellant,

v.

PUBLICKER INDUSTRIES, INC., et al., Defendants, Appellees.

No. 95–2244.

United States Court of Appeals, First Circuit.

Heard April 2, 1996.

Decided May 1, 1996.

Employee brought action in state court against his former employer and employer's parent corporation for misrepresentation, alleging that employer and corporation induced him to take early retirement at age 55 by promising to revise retirement plan so as to make him eligible for full retirement benefits at that age. Employer and corporation removed case to federal court. The United States District Court for the District of Massachusetts, Mark L. Wolf, J., ruled that common-law misrepresentation claim was preempted by Employee Retirement Income Security Act (ERISA) and dismissed complaint, and appeal was taken. The Court of Appeals, Selya, Circuit Judge, held that: (1) misrepresentation claim was preempted by ERISA, and (2) employee was entitled to file amended complaint limited to *Varity* type claims because, when employee eschewed amendment in the district court, *Varity* indicating that individual plan participant may obtain equitable relief under the ERISA statute itself for harm caused by employer's breach of its fiduciary obligations had not yet been decided and state of the law was in flux.

So ordered.

Inmate Name: Parris Wall
Register Number: 04172-015
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

HARRISBURG PA 171
23 AUG 2007 PM 2 L

To: The Honorable Judge Farnan
United States District Court
J. CALEB Boggs Federal Bldg.
844 N. King Street
Wilmington, DE 19801