IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 99-033-4-JJF |
| | : | |
| | : | Civil Action No. 03-148-JJF |
| PARRIS L. WALL, JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

Colm F. Connolly, Esquire, United States Attorney, Shannon Thee Hanson, Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.
Attorney for Plaintiff.

Parris L. Wall, Jr., Pro Se Defendant.

**MEMORANDUM OPINION**

February 26, 2008
Wilmington, Delaware



**Farnan, District Judge.**

Presently before the Court is a Motion To Alter Or Amend Judgment (D.I. 338) filed by Defendant, Parris L. Wall, Jr. The Government has responded to the Motion (D.I. 340), and Defendant has filed a Reply (D.I. 342). For the reasons discussed, the Court will deny Defendant's Motion.

## I. PARTIES' CONTENTIONS

By his Motion To Alter Or Amend Judgment, Defendant contends that the Court erred in concluding that his "Jailhouse Informant - Spy in the Camp" claim was procedurally barred. Defendant concedes that he raised this claim on direct appeal, but contends that the Court of Appeals for the Third Circuit did not address the claim on the merits. Defendant contends that there is no evidence in the record concerning this claim, and therefore, the Court should, at a minimum, have held an evidentiary hearing on the claim. Defendant also contends that he demonstrated cause to overcome the procedural bar because his trial counsel was his appeal counsel. Defendant further contends that he suffered prejudice as a result of his counsel's failure to object to the introduction of testimony from the jailhouse informant.

In response, the Government contends that Defendant's motion is untimely. In the alternative, the Government contends that Defendant has not demonstrated that reconsideration of the Court's decision is warranted.

## II. DISCUSSION

As a threshold matter, the Court concludes that Defendant's Motion is not untimely. Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend judgment shall be filed no later than 10 days after entry of the judgment." The Court's Memorandum Opinion and Order denying his Section 2255 Motion was entered on the docket on June 14, 2007. Pursuant to Federal Rule of Civil Procedure 6(a), intervening weekend days and legal holidays are excluded from the time computation, and therefore, Defendant's Motion was due by June 28, 2007. Defendant's Motion was delivered to prison officials for mailing on June 25, 2007 and received by the Court on June 27, 2007. Therefore, using either the presumptive mailing date of the Motion[1] or the date the Motion was actually received by the Court, it is clear that the Motion is timely.

The purpose of a motion for reconsideration filed pursuant to Rule 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed

---

[1] Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date).

by the parties and considered and decided by the Court. Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991); Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Thus, a court may only grant reconsideration if there is: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood, 176 F.3d at 677.

In its June 13, 2007 Memorandum Opinion, the Court applied a procedural bar to Defendant's jailhouse informant claim, but also considered that claim alternatively on the merits. (D.I. 334 at 7, n. 4). In his current Motion, Defendant contends that both holdings were incorrect. With respect to the procedural bar, Defendant contends that the Third Circuit did not consider his argument on the merits. However, the Third Circuit's decision belies Defendant's contention. (D.I. 338, Ex. B-4 ("We have carefully considered each of the other issues raised on appeal, and we find them without merit.")) (emphasis added). As for his argument on the merits of the claim, it is evident from this Court's decision that the argument that an agreement existed between the Government and the jailhouse informant as of May 1999 was considered by the Court and rejected. (D.I. 334 at 7, n.4 ("Although Collins had always indicated a willingness to cooperate with the Government to obtain a guilty plea, the record demonstrates that the Government was unable to reach an agreement

with Collins until September 13, 1999.")). Defendant has not demonstrated that the Court's decision rejecting his jailhouse informant claim was incorrect, and Defendant has not demonstrated any other basis for relief under Rule 59(e). Accordingly, the Court concludes that reconsideration of the Memorandum Opinion and Order denying his Section 2255 Motion is not warranted.

## III. CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion To Alter Or Amend Judgment.

An appropriate Order will be entered.