To: Nancy Klingler
    U.S. Probation Officer



Dear Ms. Klingler,

    I first met with you in 1999, when you visted me at F.C.I. Fairton in New Jersey in regard to obtaining information from me to prepare my presentence report. I agreed to meet with you with out my attorney's presence.

    At any rate I write to you in regards to inaccuaries that I have discovered while I've been incarcerated that must be corrected as follows:

    1.) I was convicted pursuant to 841(b)(1)(C) which carries an offense statutory maximum of 20 years.

    Pursuant to 4B1.1-Career Offender Table which determines the level of career ofenders, my offense level considering the career offender enhancement should have been at level 32, Catergory Six.

| Offense Statutory Maximum | OFFENSE LEVEL |
|---|---|
| (C) 20 years or more, but less than 25 years | 32 |

    However, on page (3) of the Addedum to the pre-sentence report in paragraph (2) you cite Mortimer 52 F.3d.429,343(2nd. 1995)..A district court counting criminal history points should consider the sentence that is actually imposed upon a defendant, without regard to whether the offense has been re-classified.

    This is true, but is appicable to the counting of the criminal history points alone, and not relevant to career offender status 4B1.2.

Application Note(1) to the commentary of 4B1.2 of the sentencing guidelines reard in pertinent part:

"A prior felony conviction for an offense <u>punishable by death</u> or imprisonment exceeding one tear,and regardless of whether such offense was specifically designated as a felony and regardless of the actual sentence imposed."

The Commentary instructs the Court for career offender purposes to look to what the prior offense was punishable by under the statute without regards to the actual sentence that was imposed.

You had court documentation regarding this prior offense but misconstrued it as applied to the guidelines,the facts of the case,..i.e.(the intervening cahange of penalties.

Through your own admission,you acknowledge in your response on page (3),paragraph 2 of the Addendum,that...."The Delaware Statute changing the penalty for assault 3rd. from two years to one year imprisonment didn't become effective until June 30,1990. I was sentenced after this on September 11,1990.

It is apparant that you as well as the district court mistakingly took into account the fact that I pled guilty to two years to this offense While it is true that I did plead to a sentence of two years to this prior offense,that fact holds no weight whatsoever against the reading of the Commentary.The maximum punishable penalty is to be looked to,regardless of the sentence imposed.

It is undisputed that on September 11,1990,the statutory maximun punishable penalty for this offense in the State of Delaware was one year maximum.

Moreover,<u>See,</u> The United States Guidelines Manual Definitions of Terms used in 4B1.1,section (3).The last sentence reads:

The date a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea,trial,or plea of nolo contendere.

2.

That date for me was September 11,1990,thus the defendant cannot be held as a career offender because this offense was only punishable by one year,not more at the time that the defendant pled guilty to it in the state proceeding.

If you do not correct these inaccuracies within (14) days of receipt of this letter, I will sue you for money damages, See, Sellers v.Bureau of Prisons,959 F.2d. 307 (D.C.Cir.1992).

Dated:

3/31/08

RESPECTFULLY SUBMITTED,

*Parris L. Wall, Pro-Se*

PARRIS l.WALL,Pro-Se

3.