IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

VS.                                    Case No.99-33-    (JJF)

PARRIS L.WALL JR.          /



MOTION FOR REDUCTION OF SENTENCE

PURSUANT TO 18 U.S.C. 3582 (c)(2)

& GALL vs.UNITED STATES OF AMERICA .

COMES NOW,Parris Wall,pro se,(hereinafter-Wall or Petitioner and hereby respectfully moves this Honorable Court by Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2). To show good cause:

1.      Wall was sentenced on February 3,2003,to a term of 180 months imprisonment ,and four years supervised release. On June 21,2001,his case was remanded back to the district court and his sentence was vacated,and he was resentenced to a period of 180 months followed by three years supervised release.

2.      Subsequently,the United States Sentencing Commission amended United States Sentencing Guidelines,2D1.1 to decrease by two levels the offense levels applicable to specific weights of

1.

cocaine base(the "Crack Amendment").The Crack Amendment became effective on November 1,2007.

3.          On December 11,2007,the Sentencing Commission determined that the Crack Amendment would be retroactive March 3, 2008.

4.          Application of this Crack Amendment in the present case would result in Wall being immediately released from prison once the district corrects his guideline range to be consistent with the facts set forth in this motion which would be 110-137 months at Level 26-Catergory Five,pursuant to 2D1.1.

5.          This Court may appoint counsel under the provisions of Title 18 U.S.C. 3006A to represent any defendant sentenced in this district court who might be eligible for a reduction of sentence pursuant to 18U.S.C. 3582(c)(2) based upon the retroactive application of the Crack Amendment.

6.          Title 18 U.S.C. 3582(c) (2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28U.S.C. 994(o) upon motion of the defendant or the Director of the Bureau of Prisons,or on it's own motion,the court may reduce the term of imprisonment,after considering the factors set forth in section3553(a) to the extent that they are applicable,if such a reduction is con - sistent with applicable policy statements issued by the Sentencing Commision.

18 U.S.C. 3582(c)(2).

7.      In the instant case at bar, Wall was erroneously found to be a career offender, and his recommended sentencing range was said to be at a Catergory Six, Level-34, 262-327 months. This was and still is an error that has never been corrected...Wall was sentenced pursuant to 841 (b)(1)(C). The actual range considering the career offender enhancement, should have been Level-32, 210-262 months, and 110-137 months absent the career offender enhancement under the mandatory PRE-BOOKER guidelines. Wall was sentenced to 180 months pursuant to 4A1.3, with no specific range or level, which was a downward departure from the erroneous range of 262-327 months.

## CORRECTION OF CAREER OFFENDER STATUS
## IN LIGHT OF " GALL VS. UNITED STATES".

A.      At petitioner's sentencing hearing he was found to be a carger offender based upon incorrect information in his pre-sentence report, and erroneously classified as a career offender with a calculated guideline range of 262 - 327 months.

B.      The calculation of 262-327 months was inncorrect and should have been 210-262 months-Catergory Six including the career offender enhancement, **See 4B1.1**, Career Offender Statutory Maximum Table in pertinent part:

```
                                                    OFFENSE LEVEL
(C) 20 years or more, but less than 25 years.....      32
```

Petitioner was sentenced pursuant to 841(b)(1)(C) which carries an offense statutory maximum of twenty years therefore 210-262 months should have been the petitioners's applicable sentencing range considering the career offender enhancement. But still this calculation of 210-262 months which considers the career offender classification was as well a mis-application of the sentencing guidelines commentary 4B1.2.

D.  Application Note(1) to the commentary of 4B1.2 of the sentencing guidelines reads in pertinent part:

> "A prior felony conviction for an offense punishable by death or imprisonment exceeding one year, and regardless of whether such offense was specifically designated as a felony, and regardless of the actual sentence imposed.

The probation officer as well as the district court have mis-construed the language of the commentary in sentencing the petitioner to the career offender status by looking to the sentence that was imposed upon him (which was two years) rather than the statutory maximum of the crime at the time he pled guilty to it (which was an offense only punishable by one year.)

In the probations officer's response to the petitioner's objections, the probation officer takes the position that the petitioner wanted the district court to

4.

look to the statute that was in effect at the time of his federal sentencing. This is not and never was the position of the petitioner". Futhermore the statutory max. sentence for his state prior used to enhance him as a career offender was the same one year maximum on February 3,2000 when he was sentenced in the federal district court as it was when he was sentenced in the state- September 11,1990.

In Ms.Klinger/probation officer's response to defendants objections, See Exhibit A ,she admits and acknowledges the following facts:

"The Delaware Statute changing the penalty for Assault in the 3rd. degree from two years to one year imprisonment did not become effective until June 30,1990. **Pettitioner was sentenced on September 11,1990,almost two and a half months after the one year statute came in effect,** thus it is impossible that the court could have properly found the petitioner to be a career offender,and if so ,the court must acknowledge that the sentence imposed upon the petitioner was in violation of the ex post facto clause,and entertain the issue sua sponte.

Petitioner's arguement is also consistent with "The United States Sentencing Guidelines Manual ...Definitions of Terms Used in 4B1.1 subsection (3). The last sentence reads:
> The date a defendant sustained a conviction shall be the date that the guilt of the defendant has been established,whether by, guilty plea,trial,or plea of nolo contendere.

The date that the petitioner pled guilty to this offense on September 11,1990,it was only punishable by up to one year imprisonment by statute.

In <u>Stinson v.United States</u>,it was held "the guidelines manuals commentary which interprets or explains a guideline is authorative,unless it violates the constitution or a federal statute,or is inconsistent with,or plainly erroneous reading of that guideline,<u>Id at 123 L.ED 2d.598, 602</u>. The Court also states in <u>Stinson</u>,that commentary which function to interpret a guideline or explain how it is to be applied,<u>U.S.S.G "1B1.7</u> controls,and if failure to follow or a misreading of such commentary results in a sentence selected from the wrong guideline range,<u>Williams v. United States,supra at 117 L.Ed2d.341,112 S.Ct. 1112</u>,that sentence would constitute an incorrect application of the sentencing guidelines under 18 USC 3742(f),<u>See also</u> U.S. v. Knight,3rd.Cir.2001.

The petitioner also ask that the court look to this circuits precedent in <u>United States v.Fenton, 309 F.3d 825,828 n. 3rd. Circuit 2002</u>,holding, [W]here...the [Sentencing Guidelines] do not clearly call for an enhancement,the "RULE of LENITY" should prevent the application of a significantly enhanced sentence.

6.

Nothing in the statutory language requires that the guidelines amendment actually have the effects of lowering a defendants guideline range before the sentencing court can revisit that sentence.

Rather, the statute requires that the defendants sentence was "based on" a sentencing range that has subsequently been lowered.

All crack sentences were "based on" the crack guidelines sentencing range, because those ranges represented the starting point of every sentence pre-and post "BOOKER" even if the defendant was ultimaely sentenced under facts found by the judge.

U.S. vs. LaBonte, 70 F.3d. 1346,1412,(1st.Cir.1995) , (rejecting governments arguement that 3582 (c)(2) resentencing is inappropiate where defendants original sentence falls within the amended guideline range.) "We cannot be confident that faced with a different range of options that the district courts choice will remain the same.

In the instant case of the petitioner /Wall,although the career offender classification was erroneous ,it can be reasonably inferred that the judge really did not want to sentence him as as career offender by the fact that he down- ward departed from the range he could have sentenced him to (although erroneous),and stated that the career offender status

7.

overrepresented the overall seriousness of the defendants criminal history, and in light of the Supreme Court precedents over the past few years i.e....( Booker, Kimbrough, Gall ), that given the choice at the time of his sentencing that the judge may not have even applied the career offender status at all. See, **Exhibit (B)** -Sentencing Transcript Pages.

In this instant case of the petitioner, the sentence he received was and still is significantly enhanced even though the judge did depart from the (erroneous career offender range) to reduce the sentence. Being as though the sentence that the petitioner received was inncorrect to begin with, seventy months over the low end of the guideline range he should hvae received absent the erroneous career offender enhancement- 110 months, Catergory 5, Level 26, and 43 months over the high end of this range of 137 months.

Considering the time that the petitioner has already served on his sentence, ans the good time credit that he would receive, on remand even at the high end(137)months of the pre-Booker-guideline range, the petitioner would be released from prison within about one year, opposed to another four and a half to six years.

## CONCLUSION

In any event, the petitioner should receive at least a two level reduction from his pre-Booker sentencing range which is 110-137 Level (26)-Catergory (5), without the erroneous career offender classification, and 92-115 months with the (2)-point reduction. Time served.

-8-

This court should also look to www.fd.org, at the "crack page" for unintended anomalies in applyin the Crack Amendments 101.

For example :

A defendant who is responsible for 12 grams of crack and 6 grams of powder cocaine would be subject to a guideline range of (26), wheras a defendant who is responsible for (18) grams of cocaine base which also calls for a base level of (26), but as a result of the new "crack amendment would be able to receive a two level reduction. In such a case as is that of the petitioner, the court should consider the purposes and factors set forth in 3553(a)-which are the same reasons for the "crack amendment - to grant the defendant at least the two-level reduction.

In addition ,3582(c)(2) requires sentencing courts to consider all applicable 3553(a) factors. The Supreme Court recently said that "the extent of the difference between a particular sentence and recommended Guidelines range is surely relevant" to a sentencing decision. Gall v. United States,128 S.Ct. 586, 591 (2007). Given this relevance ,the sentencing court is free under 3582(c)(2) to consider the retroactive crack amendment in decidind for example, whether the advisory sentence sentence under the career offender guideline is "sufficient but not greater than necessary to satisfy the purposes of sentencing," now that the difference between that sentencing range and the non-career offender guideline sentencing range for the same crime is even greater than before.

9.

WHEREFORE, the petitioner respectfully request that this Honorable Court grant him the sought after relief, and correct his career offender status by removing it as is consistent with the facts of this motion, and grant him a two level reduction in light of the crack amendments.

Dated:

May 15, 2008

RESPECTFULLY SUBMITTED,

_____
PARRIS WALL, Pro-Se.

10.

RE: Parris Lewis Wall

Should the Court determine that only the 2.93 grams of cocaine base are attributable to the defendant, his Base Offense Level would be 20. However, the career criminal classification would apply, giving the defendant a base offense level of 32 and a guideline range of imprisonment of 210 to 262 months.

### The Government's Response

The Government agrees with the calculations as provided in the presentence report. The Government states that because the fact that there were acquittals is not the end of the matter. It is up to the sentencing judge to determine which amounts are includable, using the preponderance of the evidence standard. Since the defendant was found to be part of the conspiracy, any drugs that were (1) in furtherance of the jointly undertaken activity, (2) were within the scope of the defendant's agreement, and (3) were reasonably foreseeable in connection with the criminal activity the defendant agreed to undertake, are to be counted for determining the guideline. See *U.S. v. Collado*, 975 F.2d 985,995 (3rd Cir 1992).

The Government also agrees that the benefit of the doubt should be given to the defendant in regard to the type of drugs listed in the ledger. See *U.S. V. Miele*, 989 F.2d 659, 664-68 (3rd Cir 1993). But not withstanding the testimonial evidence that the defendant regularly received cocaine from codefendant Joseph Scott, and that the weight of the drugs attributable to the defendant be limited to the amount of crack cocaine he actually sold to the undercover officer (2.26 grams), the amount of crack seized from the defendant at the time of his arrest (.67 grams) and the amounts estimated from the records of codefendant Scott (20 ounces of cocaine powder). The Government also states that the ledger was corroborate in terms of its accuracy, in that it listed the defendant and codefendant Aaron Collins as customers of codefendant Joseph Scott, which was subsequently proved to be true.

### Defendant's Objections

2. Counsel objects to the mention of Cynthia Perry being an associated of the defendant since there was not evidence at trial. Further, counsel states that the only evidence abduced at trial was that the defendant did not agree to the trip to New York as mentioned in paragraph 9 of the presentence report.

### The Probation Officer's Response

The probation officer has relied on the information provided by the Government in regard to the defendant's association with Cynthia Perry.

### The Government's Response

The Government states that Cynthia Perry is an acquaintance of the defendant, as evidenced by the fact that she was driving the car in which the defendant was arrested.

1   the information I got, but I am sentencing you, I'd like the
2   people in the community to know, including the people in the
3   Dover community to know I'm going to sentence you to 180
4   months.  Now, that is more than the 137 if I had not found
5   you a career criminal but it's substantially less than 262.
6   And I want people to understand I see that as a lot of time.
7               THE DEFENDANT:  That's a lot of time.
8               THE COURT:  I don't know if you see that as a
9   lot of time, but it's a lot less time than the guidelines
10  would have provided for and it's time that you can take to
11  turn around and become productive and come back.
12              Now, did you want to say something?
13              THE DEFENDANT:  Yes, your Honor.  I mean I
14  appreciate you for coming down from that range, your Honor.
15  I don't have any problem.  I mean all my life, I took pleas.
16  I can accept what I done.  Sometime I took pleas just so I
17  wouldn't have to, you know, just keep coming back to the
18  court, just get out of the way, get fine or probation.  But,
19  your Honor, the only reason I came to trial here, because
20  some of these things, I mean like you say, I have to serve
21  my time, but I can handle what I did done.  I can handle what
22  I done.
23              But I mean, your Honor, that's -- and also one
24  more thing.  I mean there is two more things I want to
25  address.  Like I put in a motion, ask Mr. Ramunno to address

# CERTIFICATE OF SERVICE

I, _____, hereby certify that I have served a true and correct copy of the foregoing:

_____

_____

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

_____

_____

_____

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _____ day of _____, _____.

Respectfully Submitted,

_____

REG. NO. _____

