## MEMORANDUM IN SUPPORT OF PETITIONER'S   CR 99-33
## 3582 (c) (2) MOTION.

After Booker,Gall,and Kimbrough,any statements on how the courts should apply the "crack amendment"-including leaving all other guideline applocations un-affected-must be treated as merely advisory,and the sentencing courts must have the discretion to reject that advice.See **Booker**, 543  U.S. at 265 (a "mandatory Guidelines System...is not a choice that remains open".)

In short The Commission has made some heavy handed changes to 1B1.10 intended to limit a .courts ability to reduce sentences by more than two offense levels,begging the question of the extent to which The Commission can limit a courts sentencing discretion under 3582(c)(2).This amended commentary should not be followed  for at least (3) reasons:

First: It limits the sentencing courts ability to consider the 3553(a) factors in imposing a new sentence in violation of the courts duty under 3582(c)(2).

Second:It instructs courts to treat 1b1.10 as mandatory-which in turn makes 2D1.1 mandatory in the context of a 3582(c)(2) resentencing-in violation of Booker and Kimbrough.And it violates The Commissions own statutory obligations under it's enabling statutes,28 U.S.C. 991 and 994.

In particular,amendeb 1B1.10 would require the district court to grant,at most a two level reduction in every case,even



FILED

MAY 1 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

if the resulting sentence would be greater than necessary to serve the purposes of sentencing or create unwarranted disparity, or otherwise contradict an applicable 3553(c) factor.

For example,the guidelines as amended now advances a crack / powder ratio that varies(at different offense levels) between, **25 to 1** and **80 to 1**, and the commission has recommended at least **20 to 1.**See **Kimbrough v. United States, 128 S Ct. 558, 569,573 (2007).**

The government will more than likely argue that 3582(c)(2) proceeding is not a full re-sentencing to which protections such as those established by **Booker** and will probaly rely upon,**United States v. Swint,**2007 **WL 2745767,**and **United States v. Hudson 242 Fed.Appx.16(4thCir.2007).** Neither is pursuasive and **Swint** relied upon **U.S. v.Mc Bride ,283 F.3d. 612(3rd.Cir. 2000)** for support,a pre-Booker-pre-Blakely case that relied upon the then mandatory 1B1.10 to hold that a 3582(c)(2) sentence reduction did not permit the court to revisit drug quanity under **Apprendi.**