IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



FILED
JUL - 1 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

VS.                                                                CaseNo.99-33-4 (JJF)

PARRIS WALL.

### NOTICE OF AUTHORITY
### Rule 28 (j)

    COMES NOW, Parris Wall, pro-se, and hereby submits this Notice of Authority in light of his recently filed Motion for Reduction of Sentence Pursuant to 3582(c)(2).

    The case in which the petitioner relies upon that he ask the Court to consider in granting his 3582(c)(2) motion is , **United States v. Dewell Poindexter**, from the Eastern District of Pennsylvania, decideded by the Honorable Stewart Dalzell, J , on May 2, 2008. (**Please find copy enclosed**).

    In this case, as in the case of the petitioner Wall in this instant case the defendant was a career offender whose sentence and career offender status was downward departed pursuant to 4A1.3 on the grounds that the career offender status overrepresented him. The (2) point reduction was allowed.

    Petitioner respectfully request that this Honorable Court will consider and adopt the finding of Honorable Stewart Dalzell, J, and grant him at a minimal a (2) point reduction.

Respectfully Submitted,

Parris Wall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**RESENTENCING INFORMATION**

1.) At petitioner's sentencing hearing he was sentenced to a term of imprisonment of 180 months with no specific guideline range or level.

The 180 month sentence imposed on the defendant of no specific guideline range is ambigious in that it could reflect:

        Catergory Six
        Level 30
        168-210

(or)

        Catergory Five
        Level 31
        168-210

However, and in either range a (2) point reduction would result in:

        140-175 Catergory Five

            or

        140-175 Catergory Six

Petitioner would ask that he be sentenced mid range to 157½ months for starters.

1.

2.

      However, after consideration of petitioner's motion pursuant to 3582(c)(2), if the Court finds that the career offender finding was erroneous in the first place, and fixes it at the then mandatory range of Catergory Five - Level 26 -110-137 months, a (2)level reduction will place the petitioner at a Level-24, 92-115 months which will result in a sentence of time served.

Dated:

6/24/08

Respectfully Submitted,

*Parris Wall, pro se*
Parris Wall, pro se.

# CERTIFICATE OF SERVICE

I, _____Parris Wall_____, hereby certify that I have served a true and correct copy of the foregoing:

NOTICE OF AUTHORITY   and   RE-SENTENCING INFORMATION

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

U.S Attorney's Office
Richard G Andrews, Esq
The Nemours Bldg
1007 Orange St. Suite 700 · P.O.B. 2046
Wilmington DE 19899 · 2046

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __24th__ day of __June__, 2008

Respectfully Submitted,

*Parris Wall*

REG. NO. __04172-015__

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| DEWELL POINDEXTER | : | NO. 00-406 |

MEMORANDUM

Dalzell, J.                                                    May 2, 2008

   Dewell Poindexter, currently serving a sentence of 144 months for two controlled substance convictions, moves the Court for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). Although the Government and the Federal Defenders office have reached agreement and stipulated to the resolution of many other defendants' motions, Poindexter's raises disputed issues about whether Section 3582 applies to a defendant who in the pre-Booker sentencing world received a downward departure from the career offender guideline as authorized in United States v. Shoupe, 35 F.3d 835 (3d Cir. 1994). Because the facts of this case differ in significant ways from those the parties cited, we will address this issue in some detail.

   On June 7, 2000, Poindexter was arrested as he prepared to board a bus in Scranton, Pennsylvania with 43.4 grams of cocaine base ("crack") and 39.8 grams of marijuana in his possession. On September 11, 2000, he pled guilty to two counts

of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

A presentence investigation was conducted and a revised report ("PSI") was filed December 4, 2000. The PSI determined that, because of his lengthy criminal history, Poindexter qualified as a career offender under U.S.S.G. § 4B1.1.[1] Based on that finding, the PSI calculated his offense level at 34 after incorporating the three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The PSI also calculated that, but for his status as a career offender, Poindexter's base offense level under U.S.S.G. § 2D1.1 would have been 30, resulting in an effective offense level of 27 after the adjustment for acceptance of responsibility.

On January 19, 2001, Poindexter appeared for sentencing before our late colleague, Judge Waldman. Judge Waldman found that "career offender status overrepresents the total offense level in this case" and departed downward from level 34 to level 27, citing U.S.S.G. § 4A1.3 and Shoupe.[2] At level 27,

---

[1] The predicate offenses for this finding were two prior convictions for possession with intent to distribute a controlled substance and one for robbery.

[2] To put a fine point on it, this was what we have
(continued...)

2

Poindexter's (then-mandatory) guideline range was 130-162 months. Judge Waldman sentenced Poindexter to 144 months. Neither party appealed the sentence. Poindexter is currently scheduled for release on January 16, 2011.

Upon motion, we may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This case requires us to examine closely the meaning of "based on" in this context. Poindexter seeks a reduction in accordance with Amendment 706 to the Sentencing Guidelines, which recently altered the drug quantity table in U.S.S.G. § 2D1.1. Poindexter argues that his sentence is "based on" Section 2D1.1 because Judge Waldman calculated his offense level as 27, the level that was appropriate pursuant to that guideline. The Government responds that Poindexter's sentence was "based on" the career offender guideline even though Judge Waldman later decided

---

[2](...continued)
elsewhere referred to as "Shoupe III," as Kenneth Shoupe found himself in something of a § 4A1.3 merry-go-round. See Stewart Dalzell, One Cheer for the Guidelines, 40 Vill. L. Rev. 317, 333 n. 71 (1995).

to depart downward and reduce Poindexter's effective offense level.

Were we to find that Poindexter was sentenced under the career offender guideline, Amendment 706 would not apply to his sentence. U.S.S.G. § 1B1.10(a)(2)(B) states that no reduction is appropriate where the amendment in question "does not have the effect of lowering the defendant's applicable guideline range." Where a defendant was sentenced directly under the career offender guideline, the drug quantity table does not figure into the guideline range calculus and so a modification of that table cannot have the effect of lowering the defendant's sentence.

This was the situation in United States v. Rivera, 535 F. Supp. 2d 527 (E.D. Pa. 2008). There, the defendant had his base offense level calculated as 37 based on U.S.S.G § 4B1.1(b). After receiving a three-level reduction for acceptance of responsibility, Rivera's guideline range was determined based on offense level 34 and criminal history category VI. He was sentenced to 262 months, the bottom of the guideline range.[3]

---

[3] Rivera subsequently received a reduced sentence under Fed. R. Crim. P. 35(b). That reduction was unrelated to his claim under Section 3582.

4

When Rivera made a motion for reduction of sentence, Judge Robreno ruled that "because Amendment 706 does not change Rivera's career offender status, it does not change the sentencing range applicable to him." Id. at 530. Rivera was not entitled to a reduced sentence because the guideline range that had been modified was not relevant to his calculus. As Judge Robreno put it, "[t]he sentencing range under § 2D1.1 never became relevant because no downward departure was granted." Id.[4] Several other courts, on facts similar to those in Rivera, have found that where the career offender guideline is directly applied at sentencing, no Section 3582 reduction is warranted. See, e.g., United States v. Biami, 2008 WL 1869108 (E.D. Wis. Apr. 22, 2008); United States v. Gutierrez, 2008 WL 927564 (D. Conn. Apr. 4, 2008); United States v. McDougherty, 2008 WL 752597 (C.D. Cal. Mar. 18 2008).

---

[4] Judge Robreno went on to speculate that, even had the sentencing court considered what the sentence would have been under Section 2D1.1, that might not authorize a reduction under Section 3582 when that guideline was merely "considered for comparison purposes." Id. at 530 n.2. For reasons that will become clearer shortly, we find that a reduction is allowable under the circumstances of this case because the consideration of § 2D1.1 was not merely for comparison purposes but was, in fact, the basis of Poindexter's sentence.

But Poindexter's case differs in one very important respect: Judge Waldman did <u>not</u> sentence Poindexter under the career offender guideline. Rather, he determined that the career offender designation "overrepresents the total offense level in this case." Judgment and Commitment Order at 8 (Jan. 24, 2001).[5] Because of that finding, and citing to <u>Shoupe</u>, Judge Waldman reduced Poindexter's offense level to that which he would have faced absent the career offender designation. This was in keeping with the sentencing policy statement that was in effect at the time of Poindexter's sentencing, which advised courts considering a departure that "the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category." U.S.S.G. § 4A1.3 (policy statement) (2000). Although the policy statement spoke in terms of an adjustment of criminal history category, <u>Shoupe</u> makes clear that -- at least where the career offender

---

[5] Because neither party took an appeal from Judge Waldman's sentence, it appears that no transcript of the sentencing proceeding was ever made. Neither did Judge Waldman file a statement of reasons. We are left, therefore, with the Judgment and Commitment Order as the only record of Judge Waldman's reasoning.

guideline is at issue -- an adjustment to the offense level is also within the sentencing judge's discretion.[6]

18 U.S.C. § 3582(c)(2) speaks of lowering a sentence that was imposed "based on" an amended guideline. In U.S.S.G. § 1B1.10, which is the Sentencing Commission policy statement regarding the implementation of Section 3582, the Commission speaks of "the guideline range applicable to [the] defendant." At root, then, this motion comes down to the question of whether Poindexter was sentenced "based on" U.S.S.G. § 2D1.1.

Other courts that have recently dealt with related issues provide us with a useful gloss on the meaning of the term "based on" in this context. In Gutierrez, the Court denied defendant's motion for a reduction in sentence because "§ 2D1.1 did not play a role in his guideline calculation." 2008 WL 927564 at *2. Similarly, in Biami, the Court denied a motion for reduction because "the Sentencing Commission has not lowered the

---

[6] In the post-Booker world, of course, the precise allocation of a sentence's variance from the guideline range to a specific reduction in offense level is no longer necessary in the end, though it does of course bear on the starting point of locating the advisory range. Poindexter, however, was sentenced well before Booker and so Judge Waldman was required to determine a new offense level to apply to Poindexter.

range under which defendant was actually sentenced."  2008 WL 1869108 at *2.

There can be no doubt that Section 2D1.1 "play[ed] a role" in Poindexter's guideline calculation.  Indeed, in the end, it played a far more significant role than Section 4B1.1, the section that the Government argues Poindexter's sentence was based on.  Further, if we ask what was "the range under which defendant was actually sentenced," we must conclude that Section 2D1.1 governed Poindexter's sentence.  The record that is available to us provides no basis for concluding that Judge Waldman's selection of offense level 27 had any basis other than U.S.S.G. § 2D1.1, the section that U.S.S.G. § 4A1.3 specifically directs the sentencing judge to reference in this situation.

This was also the result in <u>United States v. Nigatu</u>, 2008 WL 926561 (D. Minn. Apr. 7, 2008), the closest analog to the facts here we have found in the case law to date.[7]  There, as here, the defendant qualified for the career offender designation under U.S.S.G. § 4B1.1 but the sentencing judge declined to apply it, finding that "the designation of career offender status is

---

[7] Defense counsel can certainly be forgiven for failing to cite to <u>Nigatu</u>, which was decided only four days before defendant's supplemental memorandum was filed.

8

inappropriate in this case." Id. at *1 (quoting Statement of Reasons). On consideration of Nigatu's Section 3582 motion, Judge Magnuson found that "the Court could not have imposed Nigatu's sentence based on the career offender table in U.S.S.G. § 4B1.1" but had instead applied the drug quantity guidelines from U.S.S.G. § 2D1.1 and accordingly granted the motion. Id.

The Government argues that "'the guideline range applicable to defendant' was 262-327 months, based upon his total offense level of 34 and his criminal history category of VI." Gov't Mem. at 8 (quoting U.S.S.G. § 1B1.10(a)(1)). In the current post-Booker world, the Government could argue that Poindexter's reduced sentence was not a downward departure based on a revised guideline calculus, but was a downward variance based on the factors in 18 U.S.C. § 3553(a). See United States v. Gunter, 462 F.3d 237, 247 n.10 (3d Cir. 2006) (discussing the distinction between a "departure" and a "variance"). In the mandatory guidelines world in which Poindexter's sentencing took place, however, Judge Waldman's sentence necessarily had its basis in the then-mandatory guidelines. The Government offers no alternative explanation of Judge Waldman's choice of offense level 27 to counter Poindexter's contention that it came directly from U.S.S.G. § 2D1.1. Thus, we are left to conclude either that

9

Judge Waldman's sentence was simply plucked from the air or that it came from Section 2D1.1. Our only reasonable conclusion from the record left us is that our late colleague, finding that the career offender guideline unfairly overestimated the likelihood of Poindexter's recidivism, chose to sentence him under what would otherwise have been the pertinent guideline, to wit, U.S.S.G. § 2D1.1.

Because Poindexter's sentence is "based on" a guideline that has been revised, we have discretion to reduce his sentence under 18 U.S.C. 3582(c)(2). We will exercise that discretion and modify his sentencing range based on the newly-effective version of the drug quantity table in U.S.S.G. § 2D1.1(c). Based on the drug quantities in Poindexter's case,[8] his base offense level is 28, which we reduce to 25 as a result of his acceptance of responsibility. That, combined with his criminal history category of VI,[9] results in a guideline range of 110-137 months.

---

[8] The calculus, which combines both the marijuana and cocaine base quantities, is detailed in Poindexter's brief. See Def. Mem. at 5. The Government has not challenged the accuracy of this calculation.

[9] Although Judge Waldman declined to apply the career offender guideline, he did leave Poindexter's criminal history as category VI.

In imposing a new sentence, Section 3582(c)(2) directs us to consider anew the 18 U.S.C. § 3553(a) factors. Because we have been given no basis for varying from Judge Waldman's weighing of those factors, we will preserve his determination that a sentence slightly below the midpoint of the guideline range is appropriate here. We will, therefore, grant Poindexter's motion and reduce his sentence to 122 months, a sentence similarly just below the midpoint of the newly applicable range.[10]

BY THE COURT:

/s/ Stewart Dalzell, J.

---

[10] Poindexter has asked us to reduce the sentence to 120 months, the mandatory minimum in this case. Although such a round number has a certain appeal, nothing Poindexter has presented significantly alters the § 3553(a) calculus and thus, because we were not present at sentencing and have inherited this case from our late colleague, we find the best course is to maintain Judge Waldman's calculus as much as possible, varying only that factor that has been altered by the intervening change in the law, namely the offense level.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| DEWELL POINDEXTER | : | NO. 00-406 |

ORDER

AND NOW, this 2nd day of May, 2008, upon consideration of Dewell Poindexter's motion for reduction of sentence (docket entry # 29), his counsel's memorandum (docket entry # 34), and the Government's response (docket entry # 37), and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

    1.    Poindexter's motion is GRANTED; and

    2.    Pursuant to 18 U.S.C. § 3582(c)(2), Poindexter's previously imposed term of imprisonment in this case is REDUCED from 144 months to 122 months.

BY THE COURT:

/s/ Stewart Dalzell, J.

